IN RE DISQUALIFICATION OF NASTOFF.

THE STATE OF OHIO *v.* DAVIS.

[Cite as *In re Disqualification of Nastoff,* 134 Ohio St.3d 1232,

2012-Ohio-6339.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Disqualification of judge*
*not warranted—Same judge who presided at trial may decide petition for*
*postconviction relief absent proof of bias or prejudice.*

(No. 12-AP-004—Decided February 16, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Butler County Court of Common Pleas,

Case No. CR-1983-12-0614.

_____

**O'CONNOR, C.J.**

{¶ 1} Kort Gatterdam, counsel for petitioner, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Andrew Nastoff from acting on any further proceedings in case No. CR-1983-12-0614, a postconviction-relief action now pending in the Court of Common Pleas of Butler County.

{¶ 2} Attorney Gatterdam contends that it would be unfair for Judge Nastoff to rule on Davis's petition for postconviction relief. Judge Nastoff presided over the three-judge panel that sentenced Davis to death. Gatterdam states that the postconviction petition currently before Judge Nastoff contains a claim that Davis's defense counsel were ineffective in not seeking to recuse Judge Nastoff from presiding over Davis's capital sentencing hearing. Gatterdam argues that given the nature of the ineffective-assistance-of-counsel claim, Judge Nastoff should be disqualified from presiding over the underlying postconviction-relief proceedings.

**{¶ 3}** Judge Nastoff has responded in writing to the concerns raised in the affidavit of disqualification. According to the judge, he is capable of deciding the underlying petition in a fair and impartial manner, and he asks that he be allowed to remain on the case.

**{¶ 4}** For the following reasons, no basis has been set forth for ordering the disqualification of Judge Nastoff.

### Relevant Facts

**{¶ 5}** In 1984, petitioner Davis was convicted of aggravated murder and sentenced to death. *State v. Davis*, 38 Ohio St.3d 361, 528 N.E.2d 925 (1988) (affirming conviction but reversing death sentence); 63 Ohio St.3d 44, 584 N.E.2d 1192 (1992) (affirming reimposition of death sentence on remand). In 2007, the Sixth Circuit Court of Appeals reversed Davis's death sentence and remanded his case for a new sentencing hearing. *Davis v. Coyle*, 475 F.3d 761 (6th Cir.2007).

**{¶ 6}** From September 8 through September 10, 2009, a new sentencing hearing was held before a three-judge panel of the Butler County Common Pleas Court, with Judge Nastoff sitting as the presiding judge. During the sentencing hearing, defense counsel called Davis's sister, Carol Smith, as a mitigation witness. Smith testified that her son, Lahray Thompson, had previously been convicted of aggravated murder. Prior to Smith's testimony, Judge Nastoff was not aware of the family connection between Davis and Thompson. The judge immediately informed all counsel that he had appeared as an assistant prosecuting attorney in Thompson's capital trial. After this disclosure, Davis's defense counsel advised Judge Nastoff that they were already aware of his prior involvement in Thompson's case and did not believe that further discussion was necessary. At the conclusion of the sentencing hearing, the panel sentenced Davis to death. *State v. Davis*, 12th Dist. No. CA2009-10-263, 2011-Ohio-787 (affirming death sentence).

**{¶ 7}** On October 21, 2011, Davis filed a petition for postconviction relief with the trial court. Davis claimed in the petition that his trial counsel rendered ineffective assistance for not seeking to recuse Judge Nastoff. In his Sixth Ground for Relief, Davis argued that his trial counsel should have requested that Judge Nastoff step aside from the penalty-phase hearing because the judge had served as a prosecutor in the death penalty case of Davis's nephew and had advocated for the nephew's death.

**{¶ 8}** Davis also filed a motion requesting that Judge Nastoff recuse himself from deciding the postconviction-relief petition. Judge Nastoff denied the motion to recuse on January 6, 2012. Following this denial, attorney Gatterdam filed the instant affidavit of disqualification on Davis's behalf.

### The Merits of the Affidavit of Disqualification

**{¶ 9}** It is well settled that a judge who presided at trial will not be disqualified from hearing a petition for postconviction relief in the absence of evidence of bias, prejudice, or a disqualifying interest. *In re Disqualification of Kilbane*, 42 Ohio St.3d 602, 536 N.E.2d 1153 (1989); *In re Disqualification of Aubry*, 117 Ohio St.3d 1245, 2006-Ohio-7231, 884 N.E.2d 1095 (state and federal courts have been virtually unanimous in holding that a judge who presided over prior proceedings involving a party presently before the court will not be disqualified from presiding over later proceedings involving that same party absent a showing of actual bias). *See also* Flamm, *Judicial Disqualification,* Section 31.4, 949 (2d Ed.2007) (it is generally held that, absent a statute that mandates otherwise, a convicted defendant has no absolute right to a new judge in postconviction proceedings).

**{¶ 10}** No factual basis for disqualification has been presented in the instant affidavit. Attorney Gatterdam argues only that it would be "unfair" to have Judge Nastoff now rule on the claim of ineffective assistance of counsel—or any other ground in the postconviction petition—given the "nature" of the

ineffective-counsel claim. But Gatterdam does not explain why the nature of the claim makes it unfair for Judge Nastoff to rule on the postconviction petition. In an affidavit-of-disqualification proceeding, the burden falls on the affiant to submit sufficient argument and evidence demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1) (requiring affiant to include specific allegations of bias, prejudice, or disqualifying interest and the facts to support those allegations). It is not this court's duty to speculate as to what grounds the affiant believes would compel disqualification of the judge. *In re Disqualification of Mitrovich*, 101 Ohio St.3d 1214, 2003-Ohio-7358, 803 N.E.2d 816, ¶ 4; *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 5.

{¶ 11} Moreover, nothing in the record of this case suggests that Judge Nastoff is incapable of presiding over the underlying case in a fair and impartial manner. The very nature of a postconviction-relief proceeding requires trial judges to evaluate and pass upon their own actions and conduct. R.C. 2953.21(A)(1)(a). Judge Nastoff's disqualification from postconviction proceedings is not required merely because Gatterdam has raised questions about the judge's impartiality in the underlying criminal case. Indeed, even if circumstances in the postconviction case ultimately show that Judge Nastoff should have removed himself from Davis's sentencing hearing, it does not automatically follow that defense counsel rendered ineffective assistance in failing to seek his recusal. Quite simply, Gatterdam has not shown that the resolution of the ineffective-assistance-of-counsel claim will necessarily turn on Judge Nastoff's judgment concerning his own impartiality. While there may be circumstances that would prevent Judge Nastoff from presiding over Davis's ineffective-assistance claim, Gatterdam has not established such grounds in his affidavit of disqualification. *See In re Disqualification of Walker*, 36 Ohio St.3d

606, 522 N.E.2d 460 (1988) (vague and unsubstantiated allegations are insufficient to establish bias or prejudice).

### Conclusion

**{¶ 12}** "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.  Those presumptions have not been overcome in this case.

**{¶ 13}** For the reasons stated above, the affidavit of disqualification is denied.  The case may proceed before Judge Nastoff.

—————————————