[Cite as *State v. Davis*, 2013-Ohio-3878.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-12-258 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 9/9/2013 |
| - vs - | | |
| | : | |
| VON CLARK DAVIS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR1983-12-0614

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Carpenter Lipps & Leland, LLP, Kort Gatterdam and Erik P. Henry, 280 North High Street, Suite 1300, Columbus, Ohio 43215, for defendant-appellant

**S. POWELL, J.**

{¶ 1}  Appellant, Von Clark Davis, appeals from the Butler County Court of Common Pleas decision dismissing his most recent petition for postconviction relief without first holding an evidentiary hearing or permitting him to conduct discovery.  For the reasons outlined below, we affirm.

{¶ 2}  In 1971, Davis was sentenced to life imprisonment after he pled guilty to

second-degree murder in connection with the stabbing death of his estranged wife, Ernestine Davis. In 1983, after being released on parole, Davis shot and killed his estranged girlfriend, Suzette Butler. Butler died as a result of multiple gunshot wounds to the head. Two eye-witnesses identified Davis as the shooter. The following year, Davis was found guilty of aggravated murder by a three-judge panel and sentenced to death.

{¶ 3} This court affirmed Davis' conviction and sentence in *State v. Davis*, 12th Dist. Butler No. CA84-06-071, 1986 WL 5989 (May 27, 1986). However, although affirming his conviction on appeal, the Ohio Supreme Court vacated Davis' death sentence in *State v. Davis*, 38 Ohio St.3d 361 (1988), and remanded the matter to the trial court for resentencing. On remand, the three-judge panel once again imposed the death penalty. This court affirmed the panel's decision to resentence Davis to death in *State v. Davis*, 12th Dist. Butler No. CA89-09-123, 1990 WL 165137 (Oct. 29, 1990). The Ohio Supreme Court affirmed that decision in *State v. Davis*, 63 Ohio St.3d 44 (1992).

{¶ 4} On October 8, 1993, Davis filed a petition for postconviction relief requesting the court to vacate or set aside his convictions and sentences in both the 1983 murder of Suzette Butler and the 1971 murder of Ernestine Davis. After holding a hearing on the matter, the trial court dismissed the petition. This court affirmed the trial court's decision dismissing the petition in *State v. Davis*, 12th Dist. Butler No. CA95-07-124, 1996 WL 551432 (Sept. 30, 1996). The Ohio Supreme Court subsequently declined review in *State v. Davis*, 77 Ohio St.3d 1520 (1997). This court later denied Davis' motion to reopen his appeal, a decision the Ohio Supreme Court affirmed in *State v. Davis*, 86 Ohio St.3d 212 (1999).

{¶ 5} In 2001, after exhausting the state appellate process, Davis filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio. The district court denied the petition in *Davis v. Bagley*, S.D.Ohio No. C-1-97-402, 2002 WL 193579 (Jan. 17, 2002). However, in *Davis v. Coyle*, 475 F.3d 761 (6th Cir.2007), the Sixth

Circuit Court of Appeals reversed and remanded the matter to the trial court with instructions that a three-judge panel conduct a third sentencing hearing. *Id.* at 774-775. In so holding, the Sixth Circuit determined the previous three-judge panel erred by improperly precluding Davis from introducing any evidence of his good behavior while on death row. *Id.* at 772. On December 19, 2007, the trial court granted Davis' request for a third sentencing hearing in compliance with the Sixth Circuit's mandate.

{¶ 6} A third sentencing hearing was subsequently held on September 8 through September 10, 2009, with Judge Andrew Nastoff presiding. Over the course of the two-day hearing, Davis provided extensive evidence and testimony from, among others, Scott Nowak, Davis' current prison case manager, Cynthia Mausser, the Chairperson of the Ohio Parole Board, and Jeremy Stineman, a volunteer who conducted Alcoholics Anonymous meetings with death row inmates, including Davis. The three-judge panel also heard testimony from Davis' mother, Alluster Tipton, step-father, Charles Tipton, younger sister, Carol Smith, younger brother, Victor Davis, daughter, Sherry Davis, and two friends, Rick Rotundo and Fran Welland. Following this hearing, the three-judge panel once again sentenced Davis to death. This court affirmed Davis' death sentence in *State v. Davis*, 12th Dist. Butler No. CA2009-10-263, 2011-Ohio-787. Davis' appeal from that decision is still pending before the Ohio Supreme Court in Case No. 2011-0538.

{¶ 7} On October 21, 2011, Davis filed his most recent petition for postconviction relief, as well as a request for an evidentiary hearing and leave of court to conduct discovery. In a decision issued on November 26, 2012, the trial court dismissed Davis' postconviction relief petition without first holding a hearing after finding Davis failed to establish any substantive grounds for relief. Davis now appeals from the trial court's decision, raising three assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 1, 2, 5, 9, 10, 16, AND 20, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 10} In his first assignment of error, Davis claims the trial court erred in denying his petition for postconviction relief because he received ineffective assistance of counsel during his initial trial, as well as during his third sentencing hearing. We disagree.

{¶ 11} Petitions for postconviction relief are governed by R.C. 2953.21, which states, in pertinent part:

> (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 12} A postconviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Bell*, 12th Dist. Butler No. CA2001-08-197, 2002-Ohio-1341, ¶ 5. A trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8.

{¶ 13} In a postconviction petition asserting ineffective assistance of counsel, such as the case here, the petitioner must first show that "his trial counsel's performance was deficient; and second, that the deficient performance prejudiced the defense to the point of

depriving the appellant of a fair trial." *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 132. A trial counsel's performance will not be deemed ineffective unless the petitioner demonstrates that "counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, were it not for counsel's errors, the result of the proceeding would have been different." *State v. Ullman*, 12th Dist. Warren No. CA2002-10-110, 2003-Ohio-4003, ¶ 43; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). A petitioner's failure to satisfy either prong is fatal to an ineffective assistance of counsel claim. *State v. Ayers*, 12th Dist. Warren Nos. CA2010-12-119 and CA2010-12-120, 2011-Ohio-4719, ¶ 49; *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 14} A trial court's decision resolving a postconviction claim of ineffective assistance of counsel "will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence." *Widmer*, 2013-Ohio-62 at ¶ 133. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34; *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 15} Davis argues several reasons why he believes he received ineffective assistance of counsel. Initially, Davis argues he received ineffective assistance of counsel during his third sentencing hearing when counsel allegedly failed to investigate and present mitigating evidence regarding his "exemplary prison record." Specifically, Davis claims that he received ineffective assistance of counsel when he was "never asked by his attorneys for names of other guards, caseworkers, or other prison personnel" who could have testified favorably on his behalf.

{¶ 16} However, contrary to his claims otherwise, Davis explicitly states as part of his

submitted affidavit that he "discussed with my attorneys all my certificates, job evaluations, good conduct as well as guards and case managers that have seen me in prison since 1984." In addition, Davis readily admits that his counsel did call Scott Nowak, Davis' current prison case manager, and Jerome Stineman, a volunteer who, for several years, conducted Alcoholic Anonymous meetings with Davis on death row. As pertinent here, Stineman testified that Davis regularly attended Alcoholics Anonymous meetings where he was an active participant. Nowak also specifically testified as to Davis' good behavior and noted Davis' position in the "extended privilege unit" or "honor block."

{¶ 17} Counsel also introduced an institutional summary of Davis' work history indicating he had been employed in five different capacities while in prison, as well as his successful participation in programs teaching stress management, anger management, positive thinking, and meetings for military veterans. The institutional summary also noted Davis' good behavior while on death row as he had only been involved in one instance of misconduct occurring in 1990 since being placed back in prison in 1984.

{¶ 18} After a thorough review of the record, we find the evidence presented at Davis' third sentencing hearing demonstrates his strong work ethic, good behavior, and trustworthiness while in prison. In turn, we agree with the trial court's decision finding any additional testimony regarding his "exemplary prison record" would have been cumulative. Nevertheless, Davis claims that providing "the details would have saved his life." However, such a claim is purely speculative and is otherwise not supported by the record.

{¶ 19} Furthermore, relying on the Sixth Circuit's decision in *Coyle*, Davis also argues that counsel was ineffective for failing to provide testimony from three Department of Corrections employees: Oscar McGraw, the death row unit manager, Herb Wendler, Davis' former prison case manager, and some third unnamed party, who could have offered information regarding Davis' behavior while on death row following his 1984 conviction and

1989 resentencing hearing. According to the Sixth Circuit:

> Although there could conceivably be some question about the relevance of such evidence in the abstract, the record in this case establishes without doubt that it was highly relevant to the single aggravating factor relied upon by the state – that future dangerousness should keep Davis on death row.

*Id.*, 475 F.3d at 773.

{¶ 20} However, as the state aptly recognizes, the Sixth Circuit's decision in *Coyle* did not hold the testimony from these three specific individuals must be introduced. Rather, the Sixth Circuit merely found the three-judge panel erred by improperly precluding Davis from introducing *any evidence* of his good behavior while on death row contrary to the United States Supreme Court's decision in *Skipper v. South Carolina*, 476 U.S.1, 106 S.Ct. 1669 (1986). *See Id.* at 772.

{¶ 21} As noted above, Davis provided the testimony of Nowak, Davis' current prison case manager, and Stineman, a volunteer who conducted Alcoholic Anonymous meetings with Davis. Both provided extensive testimony regarding Davis' behavior on death row, including, but not limited to, Davis' position in the "extended privilege unit" or "honor block." Counsel also introduced an institutional summary of Davis' work history, his successful participation in a variety of prison programs, and his single instance of misconduct. Contrary to Davis' claim otherwise, we find this evidence more than sufficient to combat the state's claims regarding Davis' future dangerousness that the Sixth Circuit deemed "highly relevant" upon resentencing.

{¶ 22} Moreover, it is well-established that counsel's "decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." *State v. Johnson*, 12th Dist. Butler No. CA2011-09-169, 2013-Ohio-856, ¶ 32; *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, ¶ 118. As this court has consistently stated, even debatable trial tactics and strategies do not constitute ineffective assistance of counsel.

*State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 41 (12th Dist.); *State v. Bai*, 12th Dist. Butler No. CA2010-05-016, 2011-Ohio-2206, ¶ 136; *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101. Because this court will not second-guess counsel's decisions, we find no merit to Davis' claim that he received ineffective assistance of counsel due to their strategic decision not to call these additional witnesses at his third sentencing hearing.

{¶ 23} Davis next argues he received ineffective assistance of counsel during his third sentencing hearing when counsel allegedly failed to investigate and present mitigating evidence from his unit file regarding his "exemplary prison record," opting instead to present only the institutional summary. However, as noted above, and as the trial court explicitly found, the institutional summary conveyed the substance of the entire unit file; namely, that Davis was a well-behaved and hard-working prisoner who took advantage of the self-help and education opportunities available to him in prison. Rather than potentially inundating the panel with the entire unit file, counsel made the sound and strategic decision to distill the mitigating portions of his unit file into a summary. Again, "reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." *State v. Hendrix*, 12th Dist. Butler No. CA2000-03-054, 2001 WL 1078976, *2 (Sept. 17, 2001). Therefore, we find counsel's decision to submit the institutional summary, as opposed to Davis' entire unit file, did not amount to ineffective assistance of counsel.

{¶ 24} Next, Davis argues he received ineffective assistance of counsel during his third sentencing hearing when counsel made the decision to call Cynthia Mausser, the Chair of the Ohio Parole Board, as well as Dr. Robert Smith, a clinical psychologist, as witnesses on his behalf. Davis also argues that counsel was ineffective in failing to call John Lee, a mitigation specialist and investigator. However, as stated previously, the "decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a

reviewing court." *Johnson*, 2013-Ohio-856 at ¶ 32; *Hanna*, 2002-Ohio-2221 at ¶ 118.

**{¶ 25}** Furthermore, although Davis takes exception to the questioning of Mausser and Dr. Smith, we will not question counsel's strategic decision to engage, or not engage, in a particular line of questioning as these decisions are presumed to be the product of sound trial strategy. Again, this court "is not permitted to use the benefit of hindsight to second-guess the strategies of trial counsel." *State v. Walker*, 12th Dist. Fayette No. CA2009-02-002, 2010-Ohio-329, ¶ 23. "[T]he fact that the trial strategy was ultimately unsuccessful or that there was another possible and better strategy available does not amount to ineffective assistance of counsel." *State v. Murphy*, 12th Dist. Butler No. CA2009-05-128, 2009-Ohio-6745, ¶ 43. Therefore, we find counsel's decision whether to call Mausser, Smith and Lee as witnesses at his third sentencing hearing does not amount to ineffective assistance of counsel.

**{¶ 26}** Davis next argues that he received ineffective assistance of counsel during his third sentencing hearing when counsel failed to seek removal of Judge Nastoff from the three-judge panel.[1] Judge Nastoff had previously been part of a prosecution team against Lahray Thompson, Davis' nephew, wherein Thompson was sentenced to death after also being convicted of aggravated murder. Yet, at his third sentencing hearing, Davis' counsel explicitly stated that they were aware of Judge Nastoff's prior participation in Thompson's prosecution, but chose not to seek recusal. "[T]he decision not to seek recusal of the judge can only be viewed as strategic and will not form the basis of an ineffective counsel claim." *State v. Nuhfer*, 6th Dist. Lucas No. L-07-1125, 2009-Ohio-1474, ¶ 22. This is particularly true in this case considering counsel's direct knowledge of Judge Nastoff's prior participation in Thompson's prosecution. *See generally State v. Morgan*, 10th Dist. Franklin No. 12AP-

---

1. The Ohio Supreme Court denied Davis' request to disqualify Judge Nastoff from ruling on his petition for postconviction relief at issue here in *In re Disqualification of Nastoff*, 134 Ohio St.3d 1232, 2012-Ohio-6339.

241, 2012-Ohio-5773, ¶ 24 (finding no ineffective assistance of counsel in failing to move for recusal of trial court judge resulting from his involvement in previous prosecution of appellant in 1991 rape and kidnapping case). Therefore, we find counsel's decision not to seek recusal of Judge Nastoff from the three-judge panel does not amount to ineffective assistance of counsel.

{¶ 27} Davis also argues that he received ineffective assistance during his third sentencing hearing when counsel allegedly told him he was eligible for a life sentence without the possibility of parole. However, as the trial court correctly found, the only evidence in support of this assertion comes from Davis' own self-serving affidavit. "[T]his evidence by itself is insufficient to mandate a hearing or to justify granting the petition for postconviction relief." *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 14, citing *State v. Kapper*, 5 Ohio St.3d 36, 38 (1983); *State v. Williams*, 74 Ohio App.3d 686, 699 (8th Dist.1991); *see also State v. Richards*, 12th Dist. Clermont No. CA97-06-059, 1997 WL 779084, *2 (Dec. 15, 1997) (stating "[s]elf-serving affidavits submitted by a petitioner in support of a claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21").

{¶ 28} Moreover, even if counsel did mistakenly inform Davis that he was eligible to be sentenced to life without the possibility of parole, Davis cannot claim any resulting prejudice as the record clearly indicates he preferred to be sentenced to death when confronted with the potential life sentence without the possibility of parole. In fact, in an interview conducted on July 7, 2009, Davis specifically stated that he "would rather go to Lucasville" than be sentenced to life in prison without the possibility of parole.[2] Therefore, we find Davis' claim lacks merit and does not amount to ineffective assistance of counsel.

---

2. In Ohio, executions take place at the Southern Ohio Correctional Facility located in Lucasville.

{¶ 29} Finally, Davis argues that he received ineffective assistance from his original trial counsel when they failed to advise "him of the collateral consequence of his waiver of a jury trial." However, as this court has previously determined, Davis' habitual challenges regarding his jury waiver are barred by the doctrine of res judicata. As this court explicitly stated in *State v. Davis*, 12th Dist. Butler No. CA2009-10-263, 2011-Ohio-787:

> A review of Davis' earliest appeals reveals that he failed to directly challenge his jury waiver. Because he could have challenged his jury waiver on due process or other grounds within his first two appeals, the doctrine of res judicata applies to his current challenge.

*Id.* at ¶ 20.

{¶ 30} The same rationale applies here. It is well-established that a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata. *State v. Schroyer*, 12th Dist. Clermont No. CA2005-05-032, 2006-Ohio-1782, ¶ 20. Therefore, Davis' claims that he was subject to ineffective assistance of counsel regarding his jury waiver are now barred. *See State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 23.

{¶ 31} In light of the foregoing, because Davis failed to set forth sufficient operative facts to establish substantive grounds for relief, we find the trial court did not abuse its discretion in dismissing Davis' petition for postconviction relief. Accordingly, Davis' first assignment of error is overruled.

{¶ 32} Assignment of Error No. 2:

{¶ 33} APPELLANT'S JUDGMENT AND SENTENCE ARE VOID OR VOIDABLE BECAUSE OHIO'S POST-CONVICTION PROCEDURES DO NOT PROVIDE AN ADEQUATE CORRECTIVE PROCESS, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 1, 2, 5, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION.

{¶ 34} In his second assignment of error, Davis argues that Ohio's statutory scheme providing for postconviction relief is unconstitutional because it does not "provide an adequate corrective process." However, this court has already determined that "[t]he statutory procedure for postconviction relief constitutes an adequate corrective process." *Lindsey*, 2003-Ohio-811 at ¶ 13; *State v. Goff*, 12th Dist. Clinton No. CA2000-05-014, 2001 WL 208845, *9 (Mar. 5, 2001); *see also State v. Lawson*, 12th Dist. Clermont No. CA2011-07-056, 2012-Ohio-548, ¶ 26. Other districts have held the same. *See State v. Trimble*, 11th Dist. Portage No. 2007-P-0098, 2008-Ohio-6409, ¶ 108; *State v. Frazier*, 6th Dist. Lucas No. L-07-1388, 2008-Ohio-5027, ¶ 70; *State v. Elmore*, 5th Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, ¶ 143-149; *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 73. We see no reason to deviate from this prior precedent. Accordingly, Davis' second assignment of error is without merit and overruled.

{¶ 35} Assignment of Error No. 3:

{¶ 36} THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW APPELLANT TO CONDUCT DISCOVERY OR GRANT AN EVIDENTIARY HEARING IN VIOLATION OF APPELLANT'S RIGHTS UNDER R.C. 2953.21 AND THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 37} In his third assignment of error, Davis argues the trial court erred by denying his request to conduct discovery and hold an evidentiary hearing. We disagree.

{¶ 38} As this court has consistently stated, a petition for postconviction relief "does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition." *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 16, citing *Hessler*, 2002-Ohio-3321 at ¶ 32. In order to obtain a hearing, "the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and

the files and records in the case." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 11, quoting *State v. Watson*, 126 Ohio App.3d 316, 324 (12th Dist.1998); *see also* R.C. 2953.21(C). Substantive grounds for relief exist where there was such a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *Calhoun*, 86 Ohio St.3d at 282. The burden is on the petitioner to show that the claimed errors resulted in prejudice before a hearing on a postconviction relief petition is warranted. *Widmer*, 2013-Ohio-62 at ¶ 164.

{¶ 39} A petitioner seeking postconviction relief is also not automatically entitled to discovery to support his claim for relief. Again, "[a] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *Calhoun*, at 281. In turn, because postconviction relief is not a constitutional right, "it affords a petitioner no rights beyond those granted by the controlling statute, R.C. 2953.23." *Lawson*, 2012-Ohio-548 at ¶ 16. According to R.C. 2953.23, "there is no requirement of civil discovery in post-conviction proceedings." *State v. Samatar*, 10th Dist. Franklin No. 03AP-1057, 2004-Ohio-2641, ¶ 23, citing *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158 (1999). Discovery may be warranted, however, when the petitioner sets forth operative facts that would demonstrate a substantive claim for relief. *Lawson* at ¶ 18. A petitioner sets forth operative facts by attaching documentary evidence dehors the record, which if true constitute a constitutional error in his case. *State v. Leonard*, 157 Ohio App.3d 653, 2004-Ohio-3323, ¶ 36 (1st Dist.).

{¶ 40} After a thorough review of the record, and as we have already discussed at length in overruling Davis' first assignment of error, we find the trial court did not abuse its discretion in denying Davis' postconviction relief petition without first holding a hearing. As noted above, the trial court properly determined that Davis' claims alleging ineffective assistance of counsel lacked merit and were otherwise barred by res judicata. Therefore, we

likewise find no abuse of discretion in the trial court's decision not to hold an evidentiary hearing and to deny Davis' request to conduct discovery in this matter. Accordingly, Davis' third assignment of error is overruled.

{¶ 41} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.