[Cite as *State v. Kidd*, 2017-Ohio-6996.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO              :
                                  :

    *Plaintiff-Appellee*      :    Appellate Case No. 2016-CA-87
                                    :

v.                       :    Trial Court Case No. 2015-CR-207
                                    :

DAVID E. KIDD          :    (Criminal Appeal from
                                  :    Common Pleas Court)

    *Defendant-Appellant*  :
                                    :

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of July, 2017.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

DAVID E. KIDD, Inmate No. 721-836, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, David E. Kidd, appeals from a decision of the Clark County Court of Common Pleas overruling his petition for post-conviction relief without a hearing. For the reasons outlined below, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 2} On April 27, 2015, the Clark County Grand Jury indicted Kidd on one count of trafficking in cocaine, a felony of the first degree in violation of R.C. 2925.03(A)(2); one count of possession of cocaine, a felony of the first degree in violation of R.C. 2925.11(A); and one count of having weapons under disability, a felony of the third degree in violation of R.C. 2923.13(A)(3). The indictment also sought forfeiture of $496.00 and a Rossi .357 Magnum Revolver. Dkt. 1. Kidd pled not guilty to the charges in the indictment. Dkt. 4.

{¶ 3} On July 9, 2015, Kidd filed a motion to suppress. Dkt. 14. On July 17, 2015, the trial court issued an Entry signed by Clark County Common Pleas Judge Douglas M. Rastatter stating that the motion to suppress would be decided by another judge, because "the subject of defendant's motion is a search warrant that this judge signed." Dkt. 15. Clark County Common Pleas Judge Richard O'Neill was assigned to decide Kidd's motion to suppress. Dkt. 16. On September 15, 2015, Kidd supplemented his motion to suppress. Dkt. 19. Following a hearing, the trial court overruled the motion to suppress. Dkt. 22, 32.

{¶ 4} On December 1, 2015, Kidd withdrew his not guilty plea and entered a plea of guilty to an amended count of possession of cocaine, a first-degree felony, and one

count of having weapons under disability, a third-degree felony. The State dismissed the one count of trafficking in cocaine and agreed to take no position regarding judicial release at the sentencing hearing. The parties agreed to a six-year prison term on the one count of possession of cocaine and a thirty-month prison term on the one count of having weapons under disability, to be served consecutively, for a total prison term of eight and one-half years. The trial court accepted Kidd's guilty plea. Dkt. 25, 30.

{¶ 5} On January 5, 2016, the trial court sentenced Kidd to six years in prison on the one count of possession of cocaine and thirty months in prison on the one count of having weapons under disability. The court ordered the sentences to run consecutively. Dkt. 26, 31. Kidd did not appeal from his conviction and sentence.

{¶ 6} On April 5, 2016, Kidd filed a petition for post-conviction relief titled "DEFENDANT'S MOTION TO DISMISS JUDGMENT AND SENTENCES WHERE THE DEFENDANT'S SHOWS THAT THE JUDGMENT AND SENTENCES WHERE [sic] OBTAINED BY FRAUD UPON THE COURT WHICH INVALIDATES THE JUDGMENTS AND SENTENCES AS VOID Pursuant to Ohio Revised Code § 2953.21." Dkt. 35. On April 13, 2016, Kidd filed an affidavit of disqualification of Judge Rastatter and Judge O'Neill with the Clerk of Court for the Supreme Court pursuant to R.C. 2701.03. Dkt. 34, 36. On May 27, 2016, Supreme Court Chief Justice Maureen O'Connor denied Kidd's affidavit of disqualification. Dkt. 37.

{¶ 7} On August 5, 2016, Kidd filed a "MOTION FOR DISQUALIFICATION/RECUSAL JUDGE DOUGLAS M. RASTATTER AND JUDGE RICHARD J. O'NEILL" in which Kidd requested that both named judges recuse themselves from his case. Dkt. 38. On September 14, 2016, Kidd subsequently filed a

motion for summary judgment on his April 5, 2016 petition for post-conviction relief. Dkt. 39. On November 22, 2016, the trial court overruled Kidd's petition for post-conviction relief based on res judicata and overruled Kidd's motion for summary judgment as moot. Dkt. 44. Kidd now appeals from the trial court's decision. Dkt. 45.

## II. The Claims Raised In Kidd's Petition For Post-Conviction Relief Are Barred By Res Judicata

{¶ 8} Kidd's two assignments of error are interrelated and will be addressed together. Kidd's First Assignment of Error states:

JUDGE RASTATTER'S FAILURE TO RECUSE HIMSELF UNDER THE CIRCUMSTANCES OF THIS CASE VIOLATED PETITIONER'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS WHICH CONSTITUTES AN ABUSE OF DISCRETION.

{¶ 9} Kidd's Second Assignment of Error states:

THE TRIAL COURT JUDGE ABUSED HIS DISCRETION WHEN HE DISMISSED APPELLANT'S POST CONVICTION PETITION WHICH INVOLVED FRAUD UPON THE COURT WHERE SAID JUDGE WAS A PARTY TO THE FRAUD.

{¶ 10} Kidd contends that Judge Rastatter's failure to recuse himself from Kidd's case violated Kidd's due process rights. According to Kidd, Judge Rastatter should have recused himself from the case, because he was the judge who signed the search warrant that ultimately led to Kidd's arrest and subsequent indictment. The State responds that only the Chief Justice of the Ohio Supreme Court has the authority to disqualify a common

pleas court judge, Kidd waived the issue by not filing an affidavit of disqualification prior to his conviction and sentence, and Kidd's claims are either waived as a result of his guilty plea or barred by res judicata due to his failure to raise them in a direct appeal.

{¶ 11} Under R.C. 2953.21(C), "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus. An appellate court reviews a trial court's denial of a petition for post-conviction relief under an abuse-of-discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} The trial court overruled Kidd's petition for post-conviction relief based on res judicata, because "all of the issues defendant seeks to raise in his petition involve matters which are contained in the record of this case, or matters which could have been raised below or on a direct appeal." Dkt. 44. In *State v. Goldwire*, 2d Dist. Montgomery No. 20838, 2005-Ohio-5784, ¶ 11, we addressed the role res judicata plays in the analysis of petitions for post-conviction relief:

"The most significant restriction on Ohio's statutory procedure for post-conviction relief is that the doctrine of res judicata requires that the claim[s] presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings."

*State v. Monroe*, Franklin App. No. 04AP-658, 2005-Ohio-5242. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. "Our statutes do not contemplate relitigation of those claims in post conviction proceedings where there are no allegations to show that they could not have been fully adjudicated by the judgment of conviction and an appeal therefrom." *Id.* "To overcome the res judicata bar, the petitioner must produce new evidence that renders the judgment void or voidable, and show that he could not have appealed the claim based upon information contained in the original record." *State v. Aldridge* (1997), 120 Ohio App.3d 122, 151, 697 N.E.2d 228. " 'Res judicata also implicitly bars a petitioner from "repackaging" evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal.['] " *Monroe*.

{¶ 13} While his petition for post-conviction relief was pending, Kidd filed an affidavit of disqualification with the clerk of court for the Supreme Court seeking to disqualify Judge Rastatter and Judge O'Neill from his case. He filed a copy of his petition for post-conviction relief with his affidavit. On May 27, 2016, the Supreme Court overruled Kidd's affidavit of disqualification, stating, in pertinent part (Dkt. 37):

Defendant David Kidd has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Douglas Rastatter and all other Clark County judges from presiding over any further proceedings in the above-captioned case, now pending on Kidd's petition for post-conviction relief.

In his petition, Kidd claims that Judge Rastatter conspired with prosecutors and other judges to commit fraud upon the court. Kidd also asserts that Judge Rastatter is not "neutral and detached" because he presided over prior proceedings involving Kidd and Kidd's brother.

* * *

For the reasons explained below, no basis has been established to order the disqualification of Judge Rastatter.

First, it is well established that an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of that objection, especially when "the facts underlying the objection have been known to the party for some time." * * * Here, Kidd claims that Judge Rastatter should be disqualified because the judge presided over prior proceedings involving Kidd and his brother "dating back to 2008." Yet Kidd does not explain why he waited until after his conviction and sentence to file his affidavit of disqualification, rather than when this case was initially assigned to Judge Rastatter. If Kidd believed that his previous cases before Judge Rastatter required the judge's removal from the underlying

matter, Kidd should have timely sought disqualification.

Second, even if Kidd had not waived his bias claims, his affidavit fails to set forth sufficient grounds for disqualification. "It is well settled that a judge who presided at trial will not be disqualified from hearing a petition for postconviction relief in the absence of evidence of bias, prejudice, or a disqualifying interest." *In re Disqualification of Nastoff*, 134 Ohio St.3d 1232, 2012-Ohio-6339, 983 N.E.2d 354, ¶ 9. The fact that Judge Rastatter previously presided over a case involving Kidd or his brother does not demonstrate that the judge was then or is now biased against Kidd. * * *

**{¶ 14}** The arguments regarding disqualification and recusal raised in Kidd's petition for post-conviction relief are identical to the arguments considered by Chief Justice O'Connor in ruling on Kidd's affidavit of disqualification. Therefore, the claims raised in Kidd's petition for post-conviction relief are barred by res judicata. *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 35; *Goldwire* at ¶ 11. Further, we note that Judge Rastatter did in fact recuse himself from ruling on Kidd's motion to suppress, acknowledging that he had signed the original warrant.[1] Kidd subsequently made the decision to plead guilty and agreed to a prison sentence of eight and one-half years, which the trial court imposed.

**{¶ 15}** Based on the record before us, we conclude that the trial court did not abuse its discretion in overruling Kidd's petition for post-conviction relief without a hearing.

---

[1] The Supreme Court has held that the fact that a trial judge may have to rule upon the validity of a warrant that the trial judge previously authorized does not warrant disqualification of the judge absent evidence that the judge "will consider the evidence in any manner other than fairly and impartially." *In re Disqualification of Basinger*, 77 Ohio St.3d 1237, 1237, 674 N.E.2d 351 (1996).

Kidd's assignments of error are overruled.


## III. Conclusion

**{¶ 16}** Both of Kidd's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


HALL, P.J. and FROELICH, J., concur.


Copies mailed to:

Megan M. Farley
David E. Kidd
Hon. Douglas M. Rastatter