**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1219.]**

**IN RE DISQUALIFICATION OF CALLAHAN.**

**WOODMAN *v*. MCMONAGLE.**

**[Cite as *In re Disqualification of Callahan*, 1997-Ohio-22.]**

*Judges—Affidavit of disqualification—Allegation of error in judge's 1996 campaign finance report filed by the judge's judicial campaign committee—Chief Justice's authority to rule on affidavits of disqualification does not extend to ruling on alleged violations of campaign finance laws—Cuyahoga County judges disqualified when the defendant in the underlying case is a sitting common pleas judge of Cuyahoga County.*

(No. 97-AP-140—Decided October 3, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County

Court of Common Pleas case No. 334333.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification was filed by plaintiff James P. Woodman seeking the disqualification of Judge Kenneth R. Callahan from further proceedings in the above-captioned case.

{¶ 2} Affiant alleges that Judge Callahan should be disqualified from the underlying proceedings because of a claimed error in a 1996 campaign finance report filed by the judge's judicial campaign committee. However, affiant fails to allege the manner in which the alleged error creates a bias, prejudice, or other interest on the part of Judge Callahan that mandates his disqualification from this case.

{¶ 3} The authority of the Chief Justice in considering affidavits of disqualification is limited to determining the existence of a bias, prejudice, or other interest that mandates a judge's disqualification from a pending case. This

authority does not extend to ruling on alleged violations of campaign finance laws. Rather, these allegations are more appropriately addressed in the forums established by state law for the consideration of potential campaign violations. Absent some affirmative indication that the alleged violation reflects a bias or prejudice on the part of Judge Callahan, I cannot conclude that Judge Callahan's disqualification is warranted for the reasons cited by affiant.

{¶ 4} However, the defendant in the underlying case is another judge of the Cuyahoga County Court of Common Pleas. In earlier cases, I have held that a judge should be disqualified from a pending case in which another judge from the same county is a party. See *In re Disqualification of McMonagle* (1990), 74 Ohio St.3d 1226, 657 N.E.2d 1338 (defendant in the criminal action was a sitting judge of the same division of the common pleas court in which the case was pending); *In re Disqualification of Calabrese* (1991), 74 Ohio St.3d 1233, 657 N.E.2d 1342 (plaintiff in libel action pending in common pleas court was a sitting judge of a municipal court in the same county); *In re Disqualification of Friedland* (Sept. 30, 1991), No. 91-AP-150, unreported (civil action pending in general division of common pleas court; a judge of the domestic relations division was a third-party defendant); *In re Disqualification of Celebrezze* (June 30, 1992), No. 92-AP-075, unreported (defendant in the domestic relations action was a sitting judge of the common pleas court, general division). In view of the standard established in these cases, I conclude that Judge Callahan and all judges of the Cuyahoga County Court of Common Pleas are disqualified from the above-captioned case. I will assign a judge from outside Cuyahoga County to preside in this action.

———————————