IN RE DISQUALIFICATION OF GEORGE.

SIMMONS *v.* GOODWILL INDUSTRIES OF AKRON, INC.

[Cite as *In re Disqualification of George,*
100 Ohio St.3d 1241, 2003-Ohio-5489.]

(No. 02–AP–129—Decided April 2, 2003.)

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by Richard L. Henning, counsel for plaintiff Roger Simmons, seeking the disqualification of Judge Joyce J. George from further proceedings in the above–captioned case. Judge George is a retired judge of the Ninth District Court of Appeals sitting by assignment of the Chief Justice.

{¶ 2} Affiant's allegations against Judge George arise from her participation in an earlier case in the Wayne County Common Pleas Court, *Smith et al. v. Wayne Cty. Dept. of Human Serv. et al.,* case No. 99–CV–0052. Affiant also represented the plaintiffs in that case. Affiant argues that statements by Judge George in rulings that she issued in the *Smith* case demonstrate an "animus" and "negative attitude" towards affiant that will prejudice his client in the underlying case.

{¶ 3} To support his allegations, affiant refers to statements by Judge George in her January 29, 2002 ruling in the *Smith* case granting summary judgment for the defendants. In that ruling, Judge George stated that "[t]he Plaintiffs' complaint consists of 26 unnumbered pages." Affiant Henning "interprets this comment as yet another example of the Court's disdain for and animus toward affiant." In that same paragraph, Judge George said that "[t]he language and sentence structure of the Complaint make it difficult to understand," which "Affiant [Henning] believes that this is simply another example of an unnecessary slap at Affiant."

{¶ 4} In her response to the affidavit of disqualification, Judge George denied any bias, prejudice, or ill feelings toward affiant, his client, or any other participant in the case.

{¶ 5} The statutory right to seek disqualification of a judge is an extraordinary remedy. *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 522 N.E.2d 461. A judge is presumed to follow the law and not to be biased, and the

appearance of bias or prejudice must be compelling to overcome these presumptions. *In re Disqualification of Olivito* (1994), 74 Ohio St.3d 1261, 657 N.E.2d 1361. On the record before me, I do not find that Judge George's statements "impl[y] a hostile feeling or spirit of ill-will," *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 469, 58 O.O. 315, 132 N.E.2d 191, or otherwise suggest that affiant or his client will not be treated fairly and impartially. For this reason, the affidavit of disqualification is found not well taken and is denied. The matter shall continue before Judge George.