IN RE DISQUALIFICATION OF MASON.

DUNHAM *v.* DUNHAM.

**[Cite as *In re Disqualification of Mason,*
110 Ohio St.3d 1214, 2005-Ohio-7150.]**

(No. 05–AP–032—Decided May 10, 2005.)

MOYER, C.J.

{¶ 1} Defendant Frank L. Dunham has filed an affidavit with the clerk of this court under R.C. 2701.03, seeking the disqualification of Judge Jim Mason from acting on any further proceedings in case No. 02DR–06–2413 in the Court of Common Pleas of Franklin County, Domestic Relations Division.

{¶ 2} The defendant alleges that the judge hired opposing counsel as a staff attorney while the case was still pending and has continued to rule on motions in the case since doing so.

{¶ 3} Judge Mason has responded to the affidavit. He acknowledges that he hired plaintiff's counsel as his staff attorney, but states that he insisted she not

begin the job until he had issued a final decision in the plaintiff's case. He indicates that their discussions about the job before the decision was issued in March 2005 never addressed the substance of that decision, and he states that the plaintiff's attorney began her job with him one week after the decision had been released. The judge also contends that the decision actually favors the defendant more than the plaintiff, and he denies holding any bias or prejudice for or against either party.

{¶ 4} I find no basis for ordering the disqualification of Judge Mason. To be sure, the judge's new staff attorney should not perform any official duties for the judge in this or any other matter in which she served as a lawyer, or in any matters in which a lawyer with whom she previously practiced law served (during her association with the firm) as a lawyer. As long as the judge imposes those restrictions on his staff attorney, I conclude that a reasonable observer would not harbor serious doubts about the judge's impartiality. By erecting a screen between his staff attorney and any cases in which she participated as a lawyer, the judge can avoid the need for his own disqualification. See *Milgard Tempering, Inc. v. Selas Corp. of Am.* (C.A.9, 1990), 902 F.2d 703, 714 ("If a [law] clerk has a possible conflict of interest it is the clerk, not the judge, who must be disqualified").

{¶ 5} The timing of the staff attorney's hiring so soon after the judge had issued a decision in the case does raise questions about possible bias on the judge's part, but I accept the judge's assurances that he did not allow his employment-related discussions with the plaintiff's attorney while the case was pending to influence the outcome of the case. As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 6} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Mason.