IN RE DISQUALIFICATION OF AMBROSE.

THE STATE OF OHIO *v.* HALE.

[Cite as *In re Disqualification of Ambrose,*
110 Ohio St.3d 1220, 2005-Ohio-7154.]

(No. 05–AP–069—Decided July 11, 2005.)

MOYER, C.J.

{¶ 1} Attorney John T. Martin—counsel for the defendant—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Dick Ambrose from acting on any further proceedings in case No. CR 454857 in the Court of Common Pleas of Cuyahoga County.

{¶ 2} Martin alleges that Judge Ambrose has expressed a predisposition to impose a death sentence on the defendant, who was recently tried on aggravated-murder charges in the judge's courtroom. The defendant has evidently been convicted by a jury on those charges, and that jury has recommended a death sentence. When the jury's sentencing recommendation was received by the trial court on June 16, 2005, Judge Ambrose said, "[T]he sentence of death shall be imposed upon the Defendant. A sentencing hearing will be set in this case * * * to place that verdict into effect. The Court will enter that verdict at that time."

{¶ 3} The judge's statement was improper, affiant Martin alleges, and shows that the judge has already decided to impose a death sentence without first hearing a statement from the defendant before a sentence is imposed.

{¶ 4} Judge Ambrose has responded to the affidavit, saying that his words were "imprecise" and were "spoken in error" when the jury returned its verdict at the end of the penalty phase of the trial. His words did not reflect his true intent, he states, which is "to follow the law at all times" and to "review all of the evidence presented during the sentencing phase before determining what sentence to impose." The judge explains that since receiving the jury's recommendation, he has ordered a complete transcript of the penalty-phase proceedings and has given defense counsel an opportunity to file a sentencing memorandum addressing any mitigating factors that might support a life sentence for the defendant.

{¶ 5} I find no basis for ordering the disqualification of Judge Ambrose. Both the tone and content of his written response show that the judge is neither biased

nor prejudiced against the defendant. The affidavit cites no other grounds for the judge's removal except his brief remarks quoted above, and in fact the affidavit notes that the judge earlier made other statements that could be perceived as favorable to the defense. Isolated remarks made by a judge near the end of a three- or four-week trial are not sufficient to prove that the judge is biased or prejudiced. And the remarks themselves were spoken in error and do not reflect his true intentions, the judge contends.

{¶ 6} Given that defense counsel has cited no other words or conduct on the judge's part suggesting any bias or prejudice, given that the judge has readily acknowledged his misstatement, and given that his conduct since June 16, 2005, suggests that he is carefully weighing the jury's sentencing recommendation and is taking very seriously his own independent responsibility to weigh the aggravating circumstances and mitigating factors before imposing a sentence, I find no reason on the record before me to disqualify him from the case.

{¶ 7} As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Ambrose.