IN RE DISQUALIFICATION OF MATIA.

THE STATE OF OHIO *v.* PRIM.

[Cite as *In re Disqualification of Matia,* 135 Ohio St.3d 1246,

2012-Ohio-6343.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Mere suggestion that judge may be called as witness in underlying case is insufficient to establish bias, prejudice, or other disqualifying interest.*

(No. 12-AP-128—Decided December 13, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas Case No. CR-97-357925.

_____

**O'CONNOR, C.J.**

{¶ 1} Defendant Jesse Prim has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge David T. Matia from presiding over any further proceedings in case No. CR-97-357925, now pending on Prim's motion for relief from judgment in the Court of Common Pleas of Cuyahoga County.

{¶ 2} Prim alleges that Judge Matia has personal knowledge of material facts regarding Prim's pending motion and that Judge Matia may be called as a witness at any hearing on the motion.

{¶ 3} Judge Matia has responded in writing to the allegations in Prim's affidavit. He disclaims any personal knowledge regarding Prim's case that is outside of the court record and asserts that he will not be a witness, "material or otherwise," in Prim's case.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Matia.

**Background**

**{¶ 5}** In 1998, a jury convicted Prim of aggravated murder, attempted aggravated murder, unlawful possession of a dangerous ordnance, and having a weapon while under disability. *State v. Prim*, 134 Ohio App.3d 142, 147, 730 N.E.2d 455 (8th Dist.1999). After an unsuccessful petition for postconviction relief, Prim filed a motion for resentencing, which was denied by the trial court. *State v. Prim*, 8th Dist. No. 93955, 2010-Ohio-1580, ¶ 5. The Court of Appeals for the Eighth District held that Prim's sentences for unlawful possession and having a weapon while under disability were void because the trial court failed to inform Prim of postrelease control regarding those offenses. *Id.* at ¶ 8. The appeals court remanded the case for resentencing on those counts. *Id.* at ¶ 10.

**{¶ 6}** On November 22, 2010, Judge Matia entered a judgment finding that Prim had already served his sentences for the charges of unlawful possession and having a weapon under disability. Accordingly, Judge Matia held that he was without jurisdiction to resentence Prim on those expired counts. In that entry, Judge Matia also stated that Prim "is present in court with counsel" and that Prim was "informed of his right to appeal."

**{¶ 7}** In October 2012, Prim filed a motion for relief from judgment seeking to vacate Judge Matia's November 22, 2010 entry. Prim claims that he never attended any resentencing hearing before Judge Matia in November 2010 and he was not "present in court with counsel," as Judge Matia's entry indicates. According to Prim, his public defender, the prosecutor, Judge Matia, and other court officers conspired to perpetrate a "fraud upon the court" by "generat[ing] this false judgment entry." Prim's motion remains pending before Judge Matia.

**Merits of the Affidavit of Disqualification**

**{¶ 8}** Prim alleges that Judge Matia should be removed because he has personal knowledge of the facts relating to the pending motion and "may be called as a material witness at any hearing that may be scheduled."

**{¶ 9}** In deciding affidavits of disqualification, the chief justice has previously " 'declined to establish a rule "requiring disqualification of a judge based solely on suppositions that the judge may be called as a witness or allegations that the judge possesses evidence material to the case." ' " *In re Disqualification of Hedric*, 127 Ohio St.3d 1227, 2009-Ohio-7208, 937 N.E.2d 1016, ¶ 9, quoting *In re Disqualification of Stuard*, 113 Ohio St.3d 1236, 2006-Ohio-7233, 863 N.E.2d 636, ¶ 6, quoting *In re Disqualification of Gorman*, 74 Ohio St.3d 1251, 657 N.E.2d 1354 (1993). "The mere suggestion that [a judge] may be a witness in [the] case and an allegation that her testimony may be material to disposition of the case are insufficient to establish the existence of bias, prejudice, or other disqualifying interest." *Gorman* at 1251. Moreover, when the evidence may be obtained from witnesses other than the trial judge, the judge is not such a material witness as to require the judge's disqualification. *Hedric* at ¶ 9, citing *Stuard* at ¶ 6. Indeed, mere familiarity with the circumstances surrounding the trial does not render the judge a material witness. *Stuard* at ¶ 6, quoting *Bresnahan v. Luby,* 160 Colo. 455, 458, 418 P.2d 171 (1966). " '[T]he post-conviction court judge should only recuse himself if the petitioner shows that the judge is the source of material evidence otherwise unobtainable.' " *Stuard* at ¶ 6, quoting *Coleman v. State*, 194 Mont. 428, 435, 633 P.2d 624 (1981). A trial judge is not required to disqualify himself from a postconviction hearing where his testimony would have been " 'either cumulative * * * or immaterial.' " *Stuard* at ¶ 6, quoting *Robison v. State*, 1991 OK CR 111, 818 P.2d 1250, 1252.

**{¶ 10}** Here, Prim only speculates that Judge Matia "may" be called as a witness at any hearing on his pending motion. Further, Prim has neither alleged nor established that the requested information is unavailable from other sources. To the contrary, Prim alleges that Judge Matia engaged in a conspiracy with Prim's attorney, the prosecutor, and other court officers—which suggests that the

requested information could be obtained from others. *Compare In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 5 (disqualifying judge where record demonstrated a "significant likelihood that the judge may be called to testify in subsequent proceedings").

{¶ 11} To be sure, if Judge Matia ultimately concludes that he is likely to be a material witness in the proceeding, he can and should disqualify himself, as Jud.Cond.R. 2.11(A)(2)(d) directs. Every litigant is entitled to have his or her case decided by a judge who can approach the case in an objective and impartial manner, and a judge who possesses personal knowledge of evidentiary facts that are in dispute may not be able to meet this criterion. However, Prim's affidavit does not conclusively establish that Judge Matia possesses evidence that is necessary for resolution of the pending motion or unobtainable from other witnesses.

{¶ 12} The statutory right to seek disqualification is an extraordinary remedy. *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *Id.* Prim has not overcome those presumptions here.

{¶ 13} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Matia.

———————————————