IN RE DISQUALIFICATION OF BASINGER.

FELDMAN ET AL. *v.* BRINKMAN ET AL.

[Cite as *In re Disqualification of Basinger,* 135 Ohio St.3d 1293,

2013-Ohio-1613.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's participation in a*
*party's prior criminal case does not require disqualification in a*
*subsequent civil action involving that party implicating the same set of*
*facts—Judge's decision not to impose recommended sentence in a*
*criminal case does not establish bias for purposes of a subsequent civil*
*action involving the same party—Affidavit denied.*

(No. 13-AP-016—Decided March 21, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Putnam County Court of Common Pleas
Case No. 12 CV 119.

_____

**O'CONNOR, C.J.**

{¶ 1}  Paul R. Bonfiglio, counsel for defendant Dylan Brinkman, has
filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to
disqualify Judge Randall L. Basinger from presiding over any further proceedings
in case No. 12 CV 119, a civil action pending in the Court of Common Pleas of
Putnam County.

{¶ 2}  Bonfiglio claims that Judge Basinger's participation in the
underlying civil action creates an appearance of bias because the judge had
presided over a separate criminal matter based on the same set of facts.
According to the affidavit, Brinkman and the prosecutor in that criminal case
negotiated a plea agreement in which Brinkman agreed to enter a plea to a third-
degree felony and the prosecutor agreed to dismiss a more serious charge and to

recommend a sentence of three years of community control with 180 days' incarceration. Judge Basinger accepted Brinkman's plea of no contest, but he sentenced Brinkman to a three–year term of imprisonment. Bonfiglio claims that Judge Basinger's refusal to accept the prosecutor's recommended sentence—and the fact that Judge Basinger was privy to information, "including victim impact statements, probation and presentence reports," that he would not have reviewed in the usual civil case—have created an appearance of bias or partiality requiring the judge's disqualification.

{¶ 3} Judge Basinger has responded in writing to the concerns raised in the affidavit, stating that his prior participation in the criminal case, the sentence he imposed, and his access to certain information do not "create any bias or prejudice with the Court necessitating that [he] step aside" in the civil case. In addition, Judge Basinger has provided a copy of the plaintiffs' civil complaint in the underlying case, which includes a jury demand.

{¶ 4} For the following reasons, no basis has been established to order the disqualification of Judge Basinger.

{¶ 5} First, it is well established that "a judge's participation in the trial of a prior cause, during which the judge acquired knowledge of the facts of the underlying case, does not require disqualification." *In re Disqualification of Krichbaum*, 81 Ohio St.3d 1205, 1206, 688 N.E.2d 511 (1997). What a judge learns in his judicial capacity in a prior proceeding " 'is a proper basis for judicial observations, and the use of such information is not the kind of matter that results in disqualification.' " *State v. D'Ambrosio*, 67 Ohio St.3d 185, 188, 616 N.E.2d 909 (1993), quoting *United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir.1976). In other words, because " 'evidence presented in the trial of a prior cause * * * do[es] not stem from an extrajudicial source,' it creates no personal bias requiring recusal." *Id.*, quoting *State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976). Accordingly, the mere fact that Judge Basinger had access to specific information,

such as the presentence investigation report, in his capacity as the judge in the criminal case does not mandate his disqualification from the underlying civil case. Just as "[a] judge is presumed to follow the law and not to be biased," *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5, a judge is presumed to be capable of separating what may properly be considered from what may not be considered. Because nothing in the record suggests that Judge Basinger has been unduly influenced by the previous case, these presumptions have not been overcome.

{¶ 6} Second, the fact that Judge Basinger rejected the prosecutor's recommended sentence in the criminal case does not establish bias requiring disqualification in the civil matter. Trial courts may reject plea agreements, and "they are not bound by a jointly recommended sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28. Accordingly, Judge Basinger's ultimate sentencing decision was a matter within his discretion and does not establish bias or prejudice. *See In re Disqualification of Economus*, 74 Ohio St.3d 1230, 1231, 657 N.E.2d 1340 (1991) (judge's refusal to accept plea agreement is not grounds for disqualification). Further, Bonfiglio has not alleged—let alone established—that Judge Basinger's sentencing decision was based on anything other than the law and facts before him; and regardless of that concern, the validity of that sentence cannot be litigated in an affidavit-of-disqualification proceeding. *See In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 7} Finally, the totality of the circumstances here does not create an appearance of impropriety requiring disqualification. "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-

Ohio-7359, 884 N.E.2d 1082, ¶ 8. The reasonable observer is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context. *See In re Disqualification of Carr*, 105 Ohio St.3d 1233, 2004-Ohio-7357, 826 N.E.2d 294, ¶ 17 (concluding that a "reasonable person who knows all the facts would not find any appearance of impropriety"); Flamm, *Judicial Disqualification*, Section 5.8, 133-134 (2d Ed.2007) ("disqualification must ordinarily be viewed from the standpoint of not merely a reasonable observer, but a thoughtful and well-informed one; and in light of the full record, not simply in light of an isolated incident" [footnotes omitted]). Although not mentioned in Bonfiglio's affidavit, the provided materials indicate that the civil case is scheduled to be tried before a jury. Judge Basinger will not be acting as the ultimate fact-finder if a jury trial is held, which lessens any concerns that he may confuse the evidence from the two cases or prejudge the outcome.

{¶ 8} To be sure, a judge who presides in two proceedings with the same party and the same facts has a duty to consider the requirements of Jud.Cond.R. 2.11(A) (requiring a judge to disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned) because there could be circumstances requiring disqualification. In fact, Judge Basinger's response to the affidavit implies that he has previously in certain circumstances voluntarily recused himself from presiding over a second proceeding that was related to a prior one because his impartiality could reasonably have been questioned. However, on this record, Bonfiglio has not established that the well-informed, objective observer would question Judge Basinger's impartiality. As noted above, a judge is presumed to follow the law and not to be biased, and "the appearance of bias or prejudice must be compelling to overcome these presumptions." *George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, at ¶ 5. The facts alleged in Bonfiglio's affidavit—specifically, that Judge

4

Basinger had access to information in the criminal case and that the judge did not impose the recommended sentence—do not suggest an appearance of impropriety.

**{¶ 9}** For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Basinger.

_____