IN RE DISQUALIFICATION OF CALLAHAN.

STATE *v*. BEASLEY.

[Cite as *In re Disqualification of Callahan*, ___ Ohio St.3d ___,

2014-Ohio-3175.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Disqualification denied.*

(No. 14-AP-032—Decided May 20, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Summit County Court of Common Pleas

Case No. CR-2012-01-0169(A).

———————————

**O'CONNOR, C.J.**

{¶ 1}  Daniel P. Jones, counsel for the defendant in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Lynne S. Callahan from presiding over any further proceedings in case No. CR-2012-01-0169(A), a capital case pending on a petition for postconviction relief in the Court of Common Pleas of Summit County.

{¶ 2}  Jones claims that Judge Callahan should be disqualified from hearing the petition because the judge presided over Beasley's jury trial and the earlier trial of a codefendant, Brogan Rafferty.  According to Jones, Judge Callahan was "exposed to an overwhelming amount of prejudicial evidence" in those two prior proceedings, and a reasonable observer would conclude that Judge Callahan possesses a fixed anticipatory judgment against Beasley.  Jones asserts that at the very least, an appearance of bias exists warranting Judge Callahan's removal from the postconviction proceeding.

{¶ 3}  Judge Callahan has responded in writing to the affidavit, averring that she has no bias against Beasley and affirming that she will preside over any future proceedings in a fair and impartial manner.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Callahan.

**{¶ 5}** "It is well settled that a judge who presided at trial will not be disqualified from hearing a petition for postconviction relief in the absence of evidence of bias, prejudice, or a disqualifying interest." *In re Disqualification of Nastoff*, 134 Ohio St.3d 1232, 2012-Ohio-6339, 983 N.E.2d 354, ¶ 9. *See also* Flamm, *Judicial Disqualification*, Section 31.4, 949 (2d Ed.2007) ("it has generally been considered that, in the absence of a statute that mandates otherwise, a convicted defendant has no absolute right to a substitution of judge in post-conviction proceedings"). Here, Jones has not set forth any compelling evidence indicating that Judge Callahan has a bias or prejudice against Beasley or that an appearance of bias exists.

**{¶ 6}** Jones first claims that Judge Callahan was exposed to "prejudicial evidence" at codefendant Rafferty's trial. But Jones fails to identify this alleged evidence. Instead, Jones points to comments made by counsel in their opening and closing statements. Specifically, Rafferty's defense counsel referred to Beasley as an "absolute monster," among similar comments, and the prosecutor referred to Beasley as a "liar," "thief," and "murderer." A judge, however, "is presumed to be capable of separating what may properly be considered from what may not be considered," *In re Disqualification of Basinger*, 135 Ohio St.3d 1293, 2013-Ohio-1613, 987 N.E.2d 687, ¶ 5, and nothing in the record here suggests that Judge Callahan was unduly influenced by counsel's comments during Rafferty's trial.

**{¶ 7}** Jones next argues that Judge Callahan characterized Beasley as "evil" during Rafferty's sentencing, which he claims shows that the judge had presumed Beasley's guilt before his trial commenced. But Judge Callahan clarifies that at Rafferty's sentencing, she stated that Rafferty had "embraced the evil." According to Judge Callahan, she was referring to the multiple murders

and to the course of conduct that took place between the murders—not to Beasley or any other human. Judge Callahan further states that she based her comment on evidence introduced at Rafferty's trial. " 'What a judge learns in his [or her] judicial capacity—whether by way of guilty pleas of codefendants or alleged coconspirators, or by way of pretrial proceedings, or both—is a proper basis for judicial observations, and the use of such information is not the kind of matter that results in disqualification.' " *State v. D'Ambrosio*, 67 Ohio St.3d 185, 188, 616 N.E.2d 909 (1993), quoting *United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir.1976); *see also id.*, quoting *State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976) ("Since 'evidence presented in the trial of a prior cause * * * do[es] not stem from an extrajudicial source,' it creates no personal bias requiring recusal"). Given Judge Callahan's response to the affidavit, Jones has failed to establish that the judge's comments during Rafferty's sentencing show that she has a personal bias against Beasley or a fixed anticipatory judgment against him.

{¶ 8} Finally, Jones claims that when Judge Callahan presided over Beasley's trial, she could not "divorce notions of Beasley she had developed while presiding over the Rafferty trial" and that she "admitted" to confusing evidence from the two trials when ruling on Beasley's Crim.R. 29 motion. Judge Callahan disputes that she was confused about any of the evidence. According to the transcript, when analyzing one of Beasley's Crim.R. 29 motions, Judge Callahan stated the following: "Count 25 is the grand theft * * *. The Court needs to keep it separate because I clearly remember [evidence] * * * that was in the last trial. I don't believe there is testimony of that in this trial. The Court is going to grant your rule 29 with regard to count 25." Thus, the judge *granted* Beasley's motion to dismiss a count against him because the state had not presented evidence on that count during Beasley's trial. It is unclear how the judge's ruling in Beasley's favor shows bias against him. And contrary to Jones's

allegation, the judge's comments do not prove that she was confused about the evidence.

{¶ 9} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Callahan.

_____