IN RE DISQUALIFICATION OF THE FIRST DISTRICT COURT OF APPEALS.

STATE *v.* HUNTER.

[Cite as *In re Disqualification of First Dist. Court of Appeals*, 143 Ohio St.3d 1245, 2015-Ohio-2834.]

(No. 15–AP–027—Decided April 21, 2015.)

O'CONNOR, C.J.

{¶ 1} David A. Singleton, counsel for defendant-appellant Judge Tracie Hunter, has filed an affidavit with the clerk of this court under R.C. 2701.03 and 2501.13 seeking to disqualify all judges of the First District Court of Appeals from hearing the above-captioned case.

{¶ 2} Judge Hunter holds a judicial seat in the juvenile division of the Hamilton County Common Pleas Court, although she is currently suspended from office without pay pursuant to Gov.Jud.R. III(6)(B). *See In re Hunter,* 141 Ohio St.3d 1212, 2014-Ohio-4667, 21 N.E.3d 1070. In 2014, Judge Hunter was indicted on nine felony charges. A jury convicted her of one charge of having an unlawful interest in a public contract. Judge Hunter's appeal of that conviction is currently pending in the First District. In his affidavit of disqualification, Singleton sets forth two reasons why he believes that an appearance of impropriety exists if any judge on the First District hears Judge Hunter's appeal. The judges of the First District have responded in writing to the affidavit, concluding that a panel of judges exists that can fairly hear the underlying case without any appearance of impropriety.

{¶ 3} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of*

*Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Nonetheless, "[t]he statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. For the reasons explained below, Singleton has not set forth sufficiently compelling evidence demonstrating that a reasonable and objective observer would harbor serious doubts about the impartiality of the judges on the First District, and therefore no basis has been established to order their disqualification.

### References to First District opinions during trial

{¶ 4} Singleton first argues that during trial, one of the state's theories of prosecution was that Judge Hunter committed several crimes because she considered herself above the law. Singleton claims that to support this theory, the prosecution referred to and submitted into evidence various First District opinions in which the appellate court had reversed Judge Hunter's legal decisions, admonished her, or held her in contempt. Singleton concludes that the state effectively made the "First District, through its opinions, a witness against Judge Hunter," and therefore a reasonable and objective observer would necessarily question whether any of the First District judges could fairly decide the underlying appeal.

{¶ 5} Contrary to Singleton's contention, the fact that the state introduced First District opinions during the trial did not thereby convert all First District judges into witnesses against Judge Hunter—especially as to any of the disputed facts regarding the criminal charges. Those prior cases involved the appellate court's review of Judge Hunter's legal decisions, and what a court of appeals judge—or any judge—learns in his or her official judicial capacity is generally not the kind of information that leads to disqualification in future cases. *See In re Disqualification of Basinger*, 135 Ohio St.3d 1293, 2013-Ohio-1613, 987 N.E.2d 687, ¶ 5–6 ("because ' "evidence presented in the trial of a prior cause * * * do[es] not stem from an extrajudicial source," it creates no personal bias requiring recusal' " [brackets sic] ), quoting *State v. D'Ambrosio*, 67 Ohio St.3d 185, 188, 616 N.E.2d 909 (1993), quoting *State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976). Additionally, part of Singleton's argument here appears premised on the fact that the First District "admonished" Judge Hunter in some of those prior opinions. However, it is well settled that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. Thus, that the First District previously ruled against Judge Hunter or held her in contempt does not support an inference that the appellate court judges will harbor personal

bias against Judge Hunter such that the reasonable person would question whether the judges could be fair in the underlying appeal. "Just as '[a] judge is presumed to follow the law and not to be biased,' *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5, a judge is presumed to be capable of separating what may properly be considered from what may not be considered." *Basinger* at ¶ 5.

{¶ 6} Finally, Singleton has not explained how the state's references to these prior First District opinions at trial are now relevant—if at all—to the specific assignments of error pending on appeal. Without more, the reasonable person has no basis to doubt the impartiality of the First District judges based on the mere fact that First District opinions were included as part of the trial court record.

### Another judge is a party

{¶ 7} In his second argument, Singleton cites three cases—*In re Disqualification of McMonagle*, 74 Ohio St.3d 1226, 657 N.E.2d 1338 (1990); *In re Disqualification of Calabrese*, 74 Ohio St.3d 1233, 657 N.E.2d 1342 (1991); and *In re Disqualification of Callahan*, 81 Ohio St.3d 1219, 688 N.E.2d 520 (1997)—for the proposition that an appearance of impropriety exists when another judge from the same county is a party. Although none of those decisions explains the nature of the appearance of impropriety in detail, it can be presumed that the reasonable person would conclude that judges from the same county may have close relationships with each other and therefore the judge may be prejudiced in favor of his or her colleague, a party to the underlying case. Regardless, these cases should not be interpreted as adopting a per se rule that a judge must be disqualified from any case in which another judge in the same county is a criminal defendant. Instead, the ability of a judge to preside fairly and impartially in such situations should be determined on a case-by-case basis. *See, e.g., In re Disqualification of Celebrezze*, 74 Ohio St.3d 1231, 657 N.E.2d 1341 (1991) (denying a request filed by a common pleas general-division judge to disqualify all domestic-relations-division judges from a domestic case in which the general-division judge was named as a party).

{¶ 8} Here, Judge Hunter and the First District judges not only hold judicial seats in different courts, they serve at different levels of the state judicial system. Singleton has not alleged that any of the First District judges have a close personal or professional relationship with Judge Hunter, and all the judges on the First District have expressly denied having any bias or prejudice against Judge Hunter. Without more, a reasonable person would not harbor serious doubts about the impartiality of the First District judges merely because a suspended trial court judge from the same county is a criminal defendant. The link here between the judges is too attenuated to create any appearance of impropriety.

### Conclusion

{¶ 9} For the reasons explained above, the affidavit of disqualification is denied. The case may proceed before the judges of the First District Court of Appeals.