IN RE DISQUALIFICATION OF GALL.

THE STATE OF OHIO *v.* AGNELLO.

2016-Ohio-8602.]

(No. 16–AP–076—Decided October 20, 2016.)

O'CONNOR, C.J.

{¶ 1} Roger M. Synenberg, counsel for defendant, Carmine Agnello, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Steven E. Gall from presiding over any further proceedings in the above-captioned criminal case. Although the underlying case has been pending for over a year, Judge Gall was assigned to the matter only recently.

{¶ 2} Mr. Synenberg claims that while the case was assigned to a previous judge, Mr. Synenberg had a substantive "ex parte" conversation with Judge Gall about the case. Specifically, Mr. Synenberg avers that when he and Judge Gall carpooled between Cleveland and Columbus for law-related meetings, they "discussed substantive matters, theories, and evidence" regarding the case. Mr. Synenberg is not claiming that Judge Gall is biased against any party as a result of the communication but instead argues that the judge's "continued involvement in this case would create an appearance of impropriety."

{¶ 3} Judge Gall has responded in writing to the affidavit, disputing that an appearance of impropriety exists. Judge Gall acknowledges that he carpooled with Mr. Synenberg, but the judge avers that he has "no recollection of discussing the facts, case analysis, legal theories, or other substantive information

with Attorney Roger Synenberg" regarding the underlying matter. Alternatively, Judge Gall argues that even if the conversation occurred as Mr. Synenberg claims it did, the discussion was not an "ex parte" communication requiring Judge Gall's removal, because he was not then assigned to the underlying case and because there is no allegation that he responded to Mr. Synenberg's unsolicited comments about the case.

{¶ 4} As an initial matter, it must be noted that the Code of Judicial Conduct prohibits a judge from engaging in substantive ex parte communications "concerning a pending or impending matter." *See* Jud.Cond.R. Terminology and 2.9. The prohibition is not expressly limited to those cases pending on a particular judge's docket. *See* Garwin, Libby, Maher & Rendleman, *Annotated Model Code of Judicial Conduct* 178 (2d Ed.2011) ("[t]he prohibition on ex parte communications also applies to proceedings pending before other judges"); *In re Complaint Against White*, 264 Neb. 740, 749, 651 N.W.2d 551 (2002) (finding that a judge engaged in impermissible ex parte communications by speaking with a deputy county attorney about a case that was pending before a different judge). Further, under Jud.Cond.R. 2.9(A), a judge shall not "initiate, receive, permit, or consider ex parte communications." Thus, a judge may violate the rule by permitting someone else to initiate a substantive ex parte communication or by merely listening to one. *See* Garwin at 177.

{¶ 5} Regardless, as Mr. Synenberg acknowledges, the issue here is not whether the communication qualified as "ex parte" under the Code of Judicial Conduct but whether the communication created an appearance of impropriety. "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Here, there appears to be an honest disconnect between Mr. Synenberg and Judge Gall regarding whether they discussed the underlying case or any issues relating to the case during one of their car rides. Nevertheless, for the reasons explained below, the record does not firmly establish that Judge Gall's disqualification is necessary to avoid an appearance of impropriety.

{¶ 6} First, Mr. Synenberg alleges that he discussed with Judge Gall substantive issues relating to the underlying matter, including Mr. Synenberg's views that the county prosecutor was improperly targeting certain people for indictments. If any party in the case would be prejudiced by Judge Gall listening to Mr. Synenberg's views on selective prosecution, it would be the state of Ohio. However, when Mr. Synenberg first disclosed the communication and requested Judge Gall's recusal, the state of Ohio objected, arguing that the communication

did not create an appearance of impropriety and therefore recusal was not warranted. Considering the state's position, it is difficult to see how Mr. Synenberg's alleged comments to Judge Gall created an appearance of bias toward *Mr. Synenberg's* client. *See In re Disqualification of Nicely,* 135 Ohio St.3d 1237, 2012-Ohio-6290, 986 N.E.2d 1, ¶ 9–10 (rejecting an affidavit of disqualification based, in part, on an alleged ex parte communication by a judge when the affiants seeking disqualification conceded that the judge's communication resulted in a favorable decision for the affiants).

{¶ 7} Second, Judge Gall submitted a sworn affidavit stating that he has no recollection of discussing the facts or other substantive information about the underlying case with Mr. Synenberg. If Judge Gall does not remember the communication, there appears to be no risk that he was improperly influenced by it, that he was inaccurately informed by it, or that he could somehow later rely on information he received during the communication.

{¶ 8} In deciding whether an appearance of impropriety exists, "[t]he reasonable observer is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context." *In re Disqualification of Basinger,* 135 Ohio St.3d 1293, 2013-Ohio-1613, 987 N.E.2d 687, ¶ 7. Given that the prosecutor's office does not object to Judge Gall's remaining on the case and given that Judge Gall has sworn under oath that he has no recollection of the communication, the record is insufficient to conclude that the reasonable and objective observer would harbor serious doubts about Judge Gall's impartiality. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} The affidavit of disqualification is denied. The case may proceed before Judge Gall.