IN RE DISQUALIFICATION OF FRANKS.

THE STATE OF OHIO *v.* TURNER.

2017-Ohio-321.]

(No. 16–AP–106—Decided January 3, 2017.)

O'CONNOR, C.J.

{¶ 1} Clay Hernandez, counsel for defendant Kari Lynn Turner, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Ruth Ann Franks from presiding over any further proceedings in the above-captioned criminal case.

{¶ 2} Mr. Hernandez claims that Judge Franks is biased in favor of the prosecution, based on comments that she made at the sentencing hearing for Ms. Turner's codefendant. Specifically, Mr. Hernandez argues that the judge's comments show that she has "already decided" issues relating to Ms. Turner's pending motion to suppress.

{¶ 3} Judge Franks has responded in writing to the affidavit, denying that she has any fixed judgment on the issues pending before her. The judge notes that her challenged sentencing comments in the codefendant's case were based on the judge's review of his presentence-investigation report, which the codefendant had reviewed and to which he had not objected. The judge believes that Mr. Hernandez has taken her "benign comments * * * out of context," and she recognizes that she must decide issues in Ms. Turner's case based on the facts and the law presented to her in open court.

{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge.'" *In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Here, a review of the codefendant's sentencing transcript does not establish that Judge Franks has hostility toward Ms. Turner or a fixed anticipatory judgment regarding the pending motion to

suppress or any other issue in Ms. Turner's case—especially considering Judge Franks's explanation for her comments at the codefendant's sentencing.

{¶ 5} Moreover, Judge Franks notes that her sentencing comments were based on information contained in the codefendant's presentence-investigation report. It is well settled that " '[w]hat a judge learns in his [or her] judicial capacity— whether by way of guilty pleas of codefendants or alleged coconspirators, or by way of pretrial proceedings, or both—is a proper basis for judicial observations, and the use of such information is not the kind of matter that results in disqualification.' " *State v. D'Ambrosio,* 67 Ohio St.3d 185, 188, 616 N.E.2d 909 (1993), quoting *United States v. Bernstein,* 533 F.2d 775, 785 (2d Cir.1976). And a judge "is presumed to be capable of separating what may properly be considered from what may not be considered." *In re Disqualification of Basinger,* 135 Ohio St.3d 1293, 2013-Ohio-1613, 987 N.E.2d 687, ¶ 5. Here, Judge Franks affirms that she will decide issues relating to Ms. Turner's case based on the evidence presented to her, and nothing in the record suggests that she was unduly influenced by information from the codefendant's case that would warrant her removal from the underlying matter.

{¶ 6} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Franks.