IN RE DISQUALIFICATION OF BLANCHARD.

IN RE C.D. ET AL.

2017-Ohio-5543.]

(No. 17–AP–033—Decided May 17, 2017.)

O'CONNOR, C.J.

{¶ 1} J.D. and F.D., the parents of the minor children in the above-captioned neglect and dependency cases, have filed, through counsel, affidavits with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Van Blanchard II from presiding over any further proceedings in the cases. Various motions are pending before the court, including a motion by the Coshocton County Depart-

ment of Job and Family Services for permanent custody of one of the parents' children.

{¶ 2} According to the affidavits, F.D.'s case plan requires her to participate in the Coshocton County Family Dependency Specialized Docket—commonly referred to as "family drug court"—but she has not yet successfully completed the program. Judge Blanchard oversees the family drug court. The parents question whether he can impartially preside over both the juvenile-court dependency cases and F.D.'s drug-court hearings. Specifically, they allege that Judge Blanchard has "heard numerous prejudicial facts about the parents" in the drug-court hearings, facts that are not part of the record in the dependency cases. According to the parents, these facts "color his opinion" against them, which "amounts to a bias which he cannot avoid." The parents also assert that Judge Blanchard "is in the position of being a fact witness" because completion of the family-drug-court program is a condition of F.D.'s case plan in the underlying dependency cases.

{¶ 3} Judge Blanchard has responded in writing to the affidavits and requests that they be denied. The judge acknowledges that in specialized-docket cases—and especially in family-drug-court hearings—a judge does learn ex parte information about parents and family members that may not be part of the record in a general-docket case. But a judge's enhanced familiarity with parties in a general-docket case as a result of drug-court hearings, Judge Blanchard argues, should not automatically lead to a finding of bias or an appearance of bias in the general-docket case. According to Judge Blanchard, "the solution lies in a case by case analysis" to determine whether the bias alleged in a specific case rises to an unacceptable level. Here, Judge Blanchard asserts, the parents have not sufficiently supported their claim that an appearance of bias exists in the underlying dependency cases based on information that he heard in F.D.'s drug-court hearings.

{¶ 4} Judge Blanchard is correct that there is no inherent conflict in his presiding over all the proceedings involving F.D. That is, the fact that the same judge presides over a parent's dependency case and her drug-court hearings does not, without more, mandate the judge's disqualification from one of those matters. *See, e.g., In re M.W.*, 8th Dist. Cuyahoga Nos. 98214 and 98215, 2012-Ohio-5075, 2012 WL 5371735, ¶ 28. Nor does the fact that Judge Blanchard may have heard prejudicial information about the parents in drug-court hearings necessarily require his removal from the dependency cases. In general, what a judge learns in his official judicial capacity in another proceeding is not the kind of information that leads to disqualification. *See In re Disqualification of Basinger*, 135 Ohio St.3d 1293, 2013-Ohio-1613, 987 N.E.2d 687, ¶ 5 ("because ' "evidence presented in the trial of a prior cause * * * do[es] not stem from an extrajudicial source," it

creates no personal bias requiring recusal' " [ellipsis and brackets sic]), quoting *State v. D'Ambrosio*, 67 Ohio St.3d 185, 188, 616 N.E.2d 909 (1993), quoting *State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976). "Just as '[a] judge is presumed to follow the law and not to be biased,' *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5, a judge is presumed to be capable of separating what may properly be considered from what may not be considered." *Basinger* at ¶ 5.

{¶ 5} Judge Blanchard is also correct, however, that the ability of a judge to preside fairly and impartially in a particular matter must be analyzed on a case-by-case basis. Hypothetically, a judge could be exposed to such highly prejudicial information in a parent's drug-court hearings that the likelihood of bias or an appearance of bias in a parent's dependency case would be unacceptably high. But here, the parents' general and nonspecific claim that Judge Blanchard "heard numerous prejudicial facts" about them in drug-court hearings is insufficient to overcome the presumption of the judge's impartiality.

{¶ 6} Similarly, the parents' supposition that Judge Blanchard may be a fact witness is, at this point, insufficient to remove him. "[W]hen the evidence may be obtained from witnesses other than the trial judge, the judge is not such a material witness as to require the judge's disqualification," and "mere familiarity with the circumstances surrounding the trial does not render the judge a material witness." *In re Disqualification of Matia*, 135 Ohio St.3d 1246, 2012-Ohio-6343, 986 N.E.2d 8, ¶ 9. If Judge Blanchard ultimately concludes that he is likely to be a material witness in the dependency proceedings, he can and should disqualify himself as Jud.Cond.R. 2.11(A)(2)(d) directs. The parents, however, have not sufficiently explained why they believe that Judge Blanchard must testify as a fact witness in the underlying dependency cases or why they believe that he possesses evidence that is unobtainable from other sources.

{¶ 7} For these reasons, the affidavits of disqualification are denied. The cases may proceed before Judge Blanchard.