O'Connor, C.J.
*1274 {¶ 1} Defendant, Dennis Oteng, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Stephen McIntosh from presiding over any further proceedings in the above-referenced case, now pending on Mr. Oteng's petition for postconviction relief.
{¶ 2} Mr. Oteng claims that "it would be inappropriate for Judge McIntosh to adjudicate this post-conviction petition" because it alleges, among other things, that the judge failed to inform Mr. Oteng during his trial that his trial lawyer had a potential conflict of interest with his client. He also avers that Judge McIntosh will need to testify, although he does not explain the nature of that allegedly necessary testimony.
{¶ 3} Judge McIntosh has responded in writing to the affidavit, denying any bias against Mr. Oteng and requesting that the affidavit be denied. In addition, the judge states that he is not aware of any issue that would require him to testify.
{¶ 4} "It is well settled that a judge who presided at trial will not be disqualified from hearing a petition for postconviction relief in the absence of evidence of bias, prejudice, or a disqualifying interest." In re Disqualification of Nastoff, 134 Ohio St.3d 1232, 2012-Ohio-6339, 983 N.E.2d 354, ¶ 9. In this case, Mr. Oteng has not established that Judge McIntosh is incapable of presiding over postconviction matters in a fair and impartial manner. Judge McIntosh's disqualification is not required merely because Mr. Oteng has raised questions about whether the judge should have disclosed certain facts about Mr. Oteng's trial counsel that Mr. Oteng alleges created a conflict of interest between lawyer and client. "The very nature of a postconviction-relief proceeding requires trial judges to evaluate and pass upon their own actions and conduct." Id. at ¶ 11. While there may be circumstances that would disqualify Judge McIntosh from presiding over *1275 Mr. Oteng's petition, Mr. Oteng has not established any such disqualifying circumstances in his affidavit.
{¶ 5} Similarly, it is well settled that a judge's disqualification is not warranted "based solely on suppositions that the judge may be called as a witness." In re Disqualification of Gorman , 74 Ohio St.3d 1251, 657 N.E.2d 1354 (1993). Mr. Oteng has failed to explain why the judge's testimony would be material to resolving the petition or why the information sought to be obtained through his testimony could not be obtained from another source. Therefore, his assertion that the judge will be called as a witness is insufficient to require removal. See In re Disqualification of Matia , 135 Ohio St.3d 1246, 2012-Ohio-6343, 986 N.E.2d 8.
*410 {¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge McIntosh.