[Cite as *In re Estate of Banks*, 2024-Ohio-623.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: ELIZABETH A. BANKS

C.A. No.    21CA011805

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17ES00761

DECISION AND JOURNAL ENTRY

Dated: February 20, 2024

HENSAL, Presiding Judge.

{¶1}    Earl E. Banks appeals a judgment entry of the Lorain County Court of Common Pleas, Probate Division. For the following reasons, this Court affirms.

I.

{¶2}    Mr. Banks was appointed the executor of his mother's estate after she died in 2017. In 2019, Mr. Banks's brother moved to remove him as executor, but Mr. Banks chose to resign instead. The probate court then appointed the brother as the new executor.

{¶3}    According to Mr. Banks's brother, Mr. Banks did not deliver all their mother's personal property to him for distribution. He, therefore, filed an application to distribute in kind, requesting that the undelivered items be deemed a distribution in kind to Mr. Banks. Following a hearing, a magistrate determined that the application should be granted. The trial court adopted the magistrate's decision after Mr. Banks did not file any objections. Mr. Banks's brother later

filed a final account. Mr. Banks objected to it, but the trial court overruled his objections and approved the final account. Mr. Banks has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE PROBATE COURT COMMITTED PLAIN ERROR IN APPROVING THE MAGISTRATE'S DECISION OF 23 JUNE 2021[.]

{¶4} In his first assignment of error, Mr. Banks argues that the probate court committed plain error when it adopted the magistrate's decision that granted his brother's application to distribute in kind. Mr. Banks argues that the court incorrectly found that there was a Zoom video conference hearing on the application, incorrectly found that he received notice of the hearing, incorrectly found that he appeared for the hearing, incorrectly denied his request to continue the hearing, denied him the right to counsel at the hearing, and incorrectly allowed the magistrate to exhibit bias and prejudice against him.

{¶5} Mr. Banks did not file timely objections to the magistrate's decision granting the application to distribute in kind. Accordingly, he is limited to arguing plain error. Civ.R. 53(D)(3)(b)(iv). In civil cases, "the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

{¶6} According to Mr. Banks, he received notice that there was going to be a hearing on the application to distribute in kind but it did not indicate that the meeting was going to be a video conference. He, therefore, appeared at the courthouse at the appointed time. Because there was no computer for him to use at the courthouse, he had to call into the hearing from a telephone in a

noisy hallway. He did not have any access to case records, could not see his brother or the magistrate, and could not see the documents that were referred to during the hearing. The court also denied his request to continue the hearing, meaning he had to proceed without counsel. When the magistrate issued a decision, it repeatedly referred to him as "Elmer" instead of Earl, which Mr. Banks asserts was an effort to equate him with Elmer Fudd and denigrate him as a befuddled cartoon character.

{¶7} Mr. Banks has not identified any argument he was unable to make or evidence he was unable to present because he had to attend the hearing by telephone instead of in-person or through video conferencing. He also acknowledges that there was a general order by the probate court at the time that all pretrials and hearings would be conducted by teleconference or video conference. A document Mr. Banks submitted indicates that Mr. Banks's original attorney told Mr. Banks that he was ending his representation of Mr. Banks in November 2019, giving Mr. Banks ample time to obtain substitute counsel before the June 2021 hearing. We also cannot infer bias by the magistrate simply because the magistrate incorrectly referred to Mr. Banks by the wrong first name multiple times in his decision. A judge or magistrate "is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5.

{¶8} Upon review of the record, we conclude that Mr. Banks has not established that the trial court committed plain error when it adopted the decision of the magistrate and granted the application to distribute in kind. Mr. Banks's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE PROBATE COURT COMMITTED PLAIN ERROR BY NOT REQUIRING
THE PARTIES (EARL E. BANKS AND RICHARD C. BANKS) TO ATTEND

THE PRETRIAL OF 1 OCTOBER 2019—RESULTING STRAIGHTAWAY IN
THE PRETRIAL'S FAILURE TO ADDRESS CRITICAL SUBJECTS.

{¶9}    In the text of his second assignment of error, Mr. Banks argues that the probate court should have required the parties to attend a pretrial conference on October 1, 2019. In the body of his brief, however, Mr. Banks raises an assortment of issues. He argues that the court incorrectly treated a Huntington Bank account as an asset of the estate even though the entire balance should have passed to him upon his mother's death. He argues that he advanced $3,507.49 to the estate, which should have been returned to him. He also argues that some of the estate filings inexplicably refer to intangible personal property with a value of $8,936.27. Mr. Banks also argues that he failed to receive any executor fees, that the court should have addressed the fees of the attorney he employed before he resigned as executor, and that the parties spent too much time at the hearing addressing assets that were not part of the estate. Regarding the pretrial conference, Mr. Banks argues that the court should have addressed the withdrawal of his counsel at that hearing.

{¶10}   Mr. Banks did not make any of those arguments in his objection to the magistrate's approval of the final accounting. We, therefore, may only review them for plain error. Civ.R. 53(D)(3)(b)(iv). Mr. Banks has not pointed to any documents in the record that establish that the Huntington Bank account was not an asset of the estate or that he advanced any of his personal funds to the estate. Mr. Banks was executor of the estate when the inventory was submitted that referred to intangible personal property with a value of $8,936.27. Therefore, his arguments regarding the value or existence of intangible personal property, if an error, was one which he himself invited. Further, Mr. Banks has failed to demonstrate how he was prejudiced by the discussion of assets that were not part of the estate, let alone that the time spent on those items challenged the legitimacy of the judicial process. *See Goldfuss*, 79 Ohio St.3d at syllabus.

Regarding fees, without a motion by Mr. Banks and his attorney requesting fees and documentation in support, the court could not determine how much they should be paid. Finally, the record does not contain a motion to withdraw filed by Mr. Banks's former counsel. The court, therefore, did not have cause to address the issue.

{¶11} Upon review of the record, we conclude that Mr. Banks has failed to establish that the trial court committed plain error. Mr. Banks's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE COURT COMMITTED PLAIN ERROR WHEN IT DID NOT RECOGNIZE THAT EARLIER ACCOUNTING ERRORS CREATE[D] LATER ONES. THUS, THERE IS NO CORRECT OR ACCURATE ACCOUNT BY EITHER PARTY[.]

{¶12} In his third assignment of error, Mr. Banks argues that the probate court failed to approve the inventory and account that he submitted at the time he resigned as executor. He also argues that it overlooked the list of newly discovered assets he submitted, neglecting to determine what assets came into the estate at the end of his administration. According to Mr. Banks, the final fiduciary report he submitted, his brother's application to distribute in kind, his brother's inventory, and his brother's final account were all inaccurate and failed to comply with the probate court's local rules.

{¶13} Mr. Banks has not identified any statute or rule that the probate court violated at the time administration of the estate passed from Mr. Banks to his brother. Although he cites Local Rule 64.2 of the Lorain County Probate Court, it concerns "Contents of Probate Accountings" and provides, in part, that "[t]he Court will not approve accounts that fail to account for all of the assets." Mr. Banks has not identified any account that the probate court approved that did not include all the estate's assets. In fact, Mr. Banks acknowledges that the court did not approve the

inventory he submitted at the time of the transfer. Mr. Banks also cites "Local Rule, 64.10," but that rule does not exist within the probate court's local rules.

**{¶14}** Even if the probate court failed to approve or incorrectly approved certain documents, Mr. Banks has not established prejudice. *See Rivenbark v. Discount Drug Mart*, 9th Dist. Medina No. 17CA0089-M, 2018-Ohio-4072, ¶ 51 ("A plain error is one that is obvious and prejudicial[.]"). An appellant making a plain-error argument must develop an argument that supports the prejudice component of the plain error analysis, which Mr. Banks has not done in his brief. *State v. Green*, 9th Dist. Summit No. 29777, 2021-Ohio-2222, ¶ 21, citing App.R. 16(A)(7). Upon review of the record, we conclude that Mr. Banks has not established that the trial court plainly erred when it granted the application to distribute in kind or incorrectly approved the final account. Mr. Banks's third assignment of error is overruled.

III.

**{¶15}** Mr. Banks's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

{¶16} I respectfully dissent from the majority opinion because I would sustain Mr. Banks's first assignment of error on the basis that it was plain error to require Mr. Banks to attend the June 7, 2021, hearing via telephone. The notice Mr. Banks received did not indicate that the hearing was to be conducted via video conference. Instead, the notice contained in the record indicates that the hearing would be held "June 7, 2021 at 1:30 o'clock PM *in this Court*." (Emphasis added.) It then provided the address of the court. Mr. Banks arrived in person only to learn that the court was not conducting in-person hearings per a general order in effect due to the Covid-19 pandemic. According to Mr. Banks, he was then required to attend the hearing via telephone while the other attendees participated via Zoom video conference. As a result, Mr. Banks could not see his brother, his brother's counsel, or the magistrate, nor could he see the documents that were referred to during the hearing.

**{¶17}** A fundamental problem arises when one party to a proceeding cannot see and/or hear the same information that the other parties and attendees can see and/or hear. While "technology has made courts more accessible and has increased access to justice, it can also affect the process in a negative way." *Matter of A.D.*, 7th Dist. Jefferson No. 22 JE 0016, 2023-Ohio-276, ¶ 70.

**{¶18}** Here, Mr. Banks was relegated to attending the hearing via telephone in a noisy hallway while the other attendees could hear and see each other–as well as the documents referred to–via video conference. At the hearing, the magistrate heard testimony, viewed documents presented by Mr. Banks's brother and his counsel, and ultimately made certain dispositive rulings. I would hold that requiring Mr. Banks to attend the hearing via telephone resulted in plain error under the facts of this case. I, therefore, respectfully dissent.

APPEARANCES:

BRUCK TYLER WICK, Attorney at Law, for Appellant.

RUSSELL T. MCLAUGHLIN and STEPHEN M. BOSAK, Attorneys at Law, for Appellee.