[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1202.]

IN RE DISQUALIFICATION OF FISHER.

DEROSA *v*. DEROSA ET AL.

[Cite as *In re Disqualification of Fisher*, 1996-Ohio-63.]

*Judges—Affidavit of disqualification—Recusal of one judge of a multi-judge division, with reassignment without hearing of another judge by administrative judge of that division, does not impute bias, prejudice, or an appearance of impropriety to the judge to whom case is assigned.*

(No. 96-AP-194—Decided December 16, 1996.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas, Division of Domestic Relations, case No. D-240969.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by Sally DeRosa seeking the disqualification of Retired Judge Stanley M. Fisher, sitting by assignment in the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, from further proceedings in the above-captioned case.

{¶ 2} Affiant alleges that Judge Fisher is biased and prejudiced against her and in favor of the defendant. In support of this claim, affiant cites several actions and statements allegedly made by Judge Fisher during pretrial proceedings in this case. She further notes that this case, which originally was assigned to Judge James P. Celebrezze, was reassigned to Judge Fisher by the administrative judge of the division following Judge Celebrezze's recusal, and alleges that the recusal and reassignment occurred without a hearing, which demonstrates a strong appearance of impropriety. Affiant also asserts that Judge Fisher denied her recent motion for a change of venue without conducting a hearing on the motion.

{¶ 3} Disagreement or dissatisfaction with a judge's rulings does not constitute bias or prejudice and is not grounds for a judge's disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459. The fact that one judge of a multi-judge division recuses himself from a pending case and that the administrative judge of that division reassigns that case without a hearing does not impute bias, prejudice, or an appearance of impropriety to the judge to whom the case is assigned. Similarly, a judge's denial of a motion for a change of venue without conducting a hearing is a matter subject to review on appeal and does not demonstrate bias or prejudice on the part of the judge. This is particularly true where, as here, the motion was filed several months after the affiant elected to file her case in Cuyahoga County.

{¶ 4} The balance of affiant's claims does not support a finding of bias, prejudice, or other interest that mandates Judge Fisher's disqualification from this case.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied.

―――――――――――――