IN RE DISQUALIFICATION OF CRAWFORD.

THE STATE OF OHIO v. CASTLEBERRY.

[Cite as In re Disqualification of Crawford (1996), 81 Ohio St.3d 1204.]

(96–AP–190—Decided December 23, 1996.)

MOYER, C.J.   Affiant is counsel for the petitioner in a post-conviction relief action assigned to Judge Dale A. Crawford of the Franklin County Court of Common Pleas.   He seeks the disqualification of Judge Crawford and all judges of the Franklin County Court of Common Pleas from ruling on the post-conviction relief petition.

Affiant alleges that the state intentionally and flagrantly concealed evidence favorable to the petitioner.   To further establish these claims, affiant intends to call as a witness one of the two assistant prosecuting attorneys who was involved in the case.   The potential witness currently is employed full-time by the Franklin County Court of Common Pleas as a magistrate.   Affiant contends that Judge Crawford and the other judges of the court have knowledge of the professionalism, competency, and credibility of the potential witness and that this knowledge raises a reasonable question as to whether the judges can fairly and impartially judge the credibility of the potential witness and determine whether he engaged in prosecutorial misconduct in the underlying case.

Affiant cites several earlier rulings in affidavit-of-disqualification matters, including In re Disqualification of Morrissey (1996), 77 Ohio St.3d 1252, 674 N.E.2d 360.   The affiant in Morrissey was counsel for the petitioner in a post-conviction relief action who alleged that the petitioner's trial attorney had provided ineffective assistance of counsel.   The trial attorney had since left the private practice of law and was serving as the court administrator for the Hamilton County Court of Common Pleas.   In disqualifying Judge Morrissey and the other judges in Hamilton County, I held that disqualification was warranted because "the court is being asked to assess the abilities of the senior, nonjudicial employee of the court and the person who, by local rule, works most closely on a daily basis with the entire Hamilton County bench."

Similar to the situation presented in *Morrissey,* the judge in this pending matter will be required to assess the professional conduct of the state's attorneys in reviewing the record and ruling on affiant's claims of prosecutorial misconduct. As in *Morrissey,* the situation presented in this affidavit of disqualification is unique in that one of the assistant prosecuting attorneys who was involved in the case is a judicial officer of the court that is being asked to assess those abilities.

While I am unable to conclude, based on the record before me, that Judge Crawford or the other judges of the Franklin County Court of Common Pleas cannot fairly and impartially rule on this petition for post-conviction relief, their disqualification is mandated to avoid the appearance of impropriety. Judge Dale A. Crawford and all of the judges of the Franklin County Court of Common Pleas are disqualified from the underlying matter, and I will assign a judge from outside Franklin County to preside in this case.