In re Disqualification of Piper.

State *v.* Cope.

[Cite as *In re Disqualification of Piper,* 143 Ohio St.3d 1237, 2015-Ohio-2910.]

O'CONNOR, C.J.

{¶ 1} Defendant-appellant Douglas Cope has filed an affidavit with the clerk of this court under R.C. 2501.13 and 2701.03 seeking to disqualify the judges of the Twelfth District Court of Appeals from hearing the above-captioned case.

{¶ 2} Cope claims that Judge Robin N. Piper, one of the judges on the court of appeals, was the Butler County Prosecuting Attorney at the time of his 2009 trial, was "instrumental in the prosecution" of the case, and is therefore disqualified from hearing the underlying matter. Cope argues that all other judges on the Twelfth District should be disqualified because they are associated with Judge Piper. Additionally, Cope alleges that his conviction was "founded upon fraud" because, among other reasons, the prosecutor may have coerced jurors.

{¶ 3} Bennett Manning, the court administrator for the Twelfth Appellate District, has submitted a written response on behalf of the entire court. Manning indicates that Judge Piper remembers Cope's case and has decided to recuse himself. Additionally, Judge Robert Hendrickson has recused himself because he knows of Cope. The remaining three judges on the court, however, see no reason to recuse themselves from the underlying case.

{¶ 4} For the following reasons, no basis has been established to order the disqualification of the remaining judges on the court of appeals.

{¶ 5} Under R.C. 2701.03(B), an affiant must set forth "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." Here, Cope has not set forth specific reasons why the remaining judges on the court of appeals should not preside over this appeal. Cope claims only that the other judges are associated with Judge Piper and that his conviction was based on fraud. "[V]ague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice." *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 6} If the underlying case would require the judges on the court of appeals to assess the professional conduct of Judge Piper while he served as prosecuting attorney, then Cope *may* have a better argument. For example, in *In re Disqualification of Crawford*, 81 Ohio St.3d 1204, 688 N.E.2d 510 (1996), the chief justice disqualified all judges of a common pleas court from ruling on a postconviction-relief petition alleging that the state's trial attorney—who, at the time of the petition, was employed as a magistrate for the common pleas court—had

engaged in prosecutorial misconduct by intentionally concealing evidence. Disqualification was appropriate, according to the chief justice, because in deciding the claim of prosecutorial misconduct, the trial court would be required to assess the professional abilities of a judicial officer of that court. But Cope has not made any similar claim that the underlying case requires assessment of the credibility, competency, or professional conduct of Judge Piper while he served as prosecuting attorney. Indeed, although Cope makes vague allegations of possible prosecutorial misconduct, he is appealing only a trial court order denying his request for certain documents and records.

{¶ 7} Accordingly, the affidavit of disqualification is denied. The case may proceed before the remaining judges of the Twelfth District Court of Appeals.