[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dunn v. Franklin Cty. Court of Common Pleas,* Slip Opinion No. 2016-Ohio-2915.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2915

THE STATE EX REL. DUNN, APPELLANT, *v.* FRANKLIN COUNTY COURT OF COMMON PLEAS, APPELLEE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dunn v. Franklin Cty. Court of Common Pleas, Slip Opinion No. 2016-Ohio-2915.*]

*Prohibition—Court of appeals erred in dismissing "procedendo action" as moot because complaint actually requested writ of prohibition—Court of appeals' dismissal reversed and cause remanded.*

(No. 2015-0889—Submitted February 9, 2016—Decided May 12, 2016.)

APPEAL from the Court of Appeals for Franklin County, No. 14AP-819.

_____

**Per Curiam.**

{¶ 1} Appellant, Catherine P. Dunn, appeals from the judgment of the Tenth District Court of Appeals dismissing her complaint seeking a writ of prohibition based on a challenge to the jurisdiction of the Franklin County Court of Common Pleas in a replevin case that she had voluntarily dismissed.  Because the court of

appeals erroneously dismissed the case as a moot action in procedendo, we reverse and remand.

{¶ 2} On May 23, 2013, Dunn filed an ex parte action for replevin in the Franklin County Court of Common Pleas. On June 13, 2013, having secured the subject property, Dunn voluntarily dismissed the replevin case before any other party had made an appearance. On June 14 and 19, the parents of Dunn's estranged husband filed two requests for oral hearings and six other motions in the dismissed replevin case.

{¶ 3} On October 16, 2014, Dunn filed a complaint for a writ of prohibition in the Tenth District to prevent Judge Timothy Horton and Magistrate Mark Petrucci from taking any action in the dismissed replevin case. Dunn argued that as the case has been dismissed, any jurisdiction the judge or magistrate might have had is terminated. The judge and magistrate argued that they cannot be prevented from ruling on all outstanding motions.

{¶ 4} However, rather than engage in an analysis of the jurisdiction of the court of common pleas and whether a writ of prohibition was appropriate, the court of appeals issued a short journal entry concluding that "this *procedendo* action is moot" and dismissed the action. (Emphasis added.)

{¶ 5} Nothing in any of the pleadings below indicates that Dunn's complaint was intended to be a request for a writ of procedendo rather than one for a writ of prohibition. The court of appeals never indicated an intent to convert the case to one in procedendo rather than one in prohibition, nor did it explain its action in dismissing the case.

{¶ 6} Thus, the court of appeals erred, most likely because of a typographical error or other clerical mistake. We therefore remand with instructions that the court of appeals consider the arguments of the parties and conduct an analysis to determine whether a writ of prohibition should be issued.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

M. David Burton, for appellant.

Ronald O'Brien, Franklin County Prosecuting Attorney, and Jeffrey C. Rogers, Assistant Prosecuting Attorney, for appellee.

_____