IN RE DISQUALIFICATION OF THE TENTH DISTRICT COURT OF APPEALS.

THE STATE EX REL. DUNN *v.* FRANKLIN COUNTY COURT OF COMMON PLEAS.

2017-Ohio-1434.]

(No. 17–AP–006—Decided March 10, 2017.)

---

O'CONNOR, C.J.

{¶ 1} M. David Burton, counsel for relator Catherine P. Dunn, has filed an affidavit with the clerk of this court under R.C. 2501.13 and 2701.03 seeking to disqualify the judges of the Tenth District Court of Appeals from presiding over any further proceedings in the above-captioned case.

{¶ 2} In 2014, Ms. Dunn filed the underlying action in the Tenth District seeking a writ of prohibition to prevent then common pleas court Judge Timothy Horton and his magistrate from taking any action on pending motions in a dismissed replevin case. Ms. Dunn argued that because the case had been dismissed, the common pleas court lacked jurisdiction to decide the motions. The Tenth District initially dismissed Ms. Dunn's prohibition case, but in May 2016, this court reversed and remanded the matter to the court of appeals. *See State ex rel. Dunn v. Franklin Cty. Court of Common Pleas,* 146 Ohio St.3d 101, 2016-Ohio-2915, 52 N.E.3d 1184. In January 2017, a Tenth District magistrate issued a decision recommending that the court of appeals dismiss Ms. Dunn's prohibition case.

{¶ 3} In his affidavit of disqualification, Mr. Burton avers that Ms. Dunn—who has been serving active duty overseas with the Army—first learned that Judge Horton had been elected to the court of appeals upon reviewing the magistrate's decision. According to Mr. Burton, an appearance of impropriety exists if any judge of the Tenth District decides Ms. Dunn's prohibition case because Judge Horton—a named party in the prohibition complaint—is now one of their colleagues. Mr. Burton further asserts that an objective observer might reasonably question the ability of one of Judge Horton's colleagues to impartially "pass substantive judgment" on his conduct as a trial court judge.

{¶ 4} The judges of the Tenth District have responded in writing to the affidavit, denying that any appearance of impropriety exists and requesting that the affidavit be denied.

{¶ 5} For the reasons explained below, no basis has been established to disqualify the judges of the Tenth District Court of Appeals.

## Judge as a party

{¶ 6} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would

harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. To avoid an appearance of impropriety, the chief justice has previously disqualified an entire bench of judges from cases involving a judicial colleague from the same court as a party. *See, e.g., In re Disqualification of McMonagle,* 74 Ohio St.3d 1226, 657 N.E.2d 1338 (1990) (disqualifying all Cuyahoga County Common Pleas Court judges from a case in which the criminal defendant was a sitting judge on that court); *In re Disqualification of Calabrese,* 74 Ohio St.3d 1233, 657 N.E.2d 1342 (1991) (disqualifying all Cuyahoga County common pleas court judges from a civil case in which the plaintiff was a municipal court judge from that county).

{¶ 7} However, "the ability of a judge to preside fairly and impartially in such situations should be determined on a case-by-case basis." *In re Disqualification of First Dist. Court of Appeals,* 143 Ohio St.3d 1245, 2015-Ohio-2834, 37 N.E.3d 1234, ¶ 7 (refusing to disqualify an entire appellate court bench from a case in which the criminal defendant was a juvenile court judge from the same county). Here, Judge Horton no longer serves on the common pleas court and is therefore no longer a party to Ms. Dunn's prohibition action. *See State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 6 (automatically substituting a public officer's successor as a party under Civ.R. 25(D)(1)). Further, *McMonagle* and *Calabrese* involved cases in which sitting judges appeared as parties in their personal capacities. The temptation of a judge to depart from his or her required judicial neutrality is arguably greater when a judicial colleague's personal rights will be affected by the court's decision. Ms. Dunn's prohibition complaint, however, named Judge Horton in his official judicial capacity, and it is unclear how the Tenth District's ultimate decision could personally or professionally affect Judge Horton. Based on this record, there is no reason to question the impartiality of the appellate court judges to decide the prohibition case merely because Judge Horton was initially named as respondent.

### Evaluating a judicial colleague's professionalism or credibility

{¶ 8} The chief justice has also disqualified an entire bench from cases that require the court to assess the professional competency or credibility of a judicial colleague. For example, in *In re Disqualification of Crawford,* 81 Ohio St.3d 1204, 688 N.E.2d 510 (1996), the chief justice removed all judges of a common pleas court from ruling on a postconviction-relief petition alleging that the state's trial attorney—who, at the time of the petition, was employed as a magistrate for the common pleas court—had engaged in prosecutorial misconduct by intentionally concealing evidence. Disqualification was appropriate because in deciding the claim of prosecutorial misconduct, the trial court would be required to assess the professional abilities or credibility of a judicial officer of that court.

{¶ 9} Mr. Burton alleges that Ms. Dunn's prohibition case may require Tenth District judges to "pass substantive judgment" on Judge Horton's conduct. But Mr. Burton has not sufficiently explained how resolution of the prohibition case will require an assessment of Judge Horton's credibility, competency, or professional conduct. Rather, the issue before the court of appeals appears to be a legal one: whether the common pleas court has jurisdiction to decide any of the pending motions in the dismissed replevin case. The circumstances are similar to cases in which a court of appeals must review a trial court decision involving a judge who recently moved from the trial court to the court of appeals. Although the judge who previously presided over the matter must not participate, *see* Jud.Cond.R. 2.11(A)(7)(d), other judges of the court of appeals are not automatically disqualified merely by professional association.

{¶ 10} For these reasons, the affidavit of disqualification is denied. Although Judge Horton should not participate in the prohibition case, Mr. Burton has not established that disqualification of the other judges of the Tenth District is necessary to avoid any appearance of impropriety.