[Cite as *State ex rel. Dunn v. Court of Common Pleas*, 2017-Ohio-7679.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Catherine P. Dunn, (f.k.a. Catherine P. McAdams) et al., | : | |
| | : | |
| Relators, | : | |
| | : | |
| v. | : | No. 14AP-819 |
| | : | |
| The Court of Common Pleas et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on September 19, 2017

*M. David Burton,* for relator.

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondents.

IN PROHIBITION
ON RESPONDENTS' MOTION TO DISMISS

BRUNNER, J.

{¶ 1} On October 16, 2014, the relator, Catherine P. Dunn, filed an original action requesting that this Court issue a writ of prohibition ordering respondents, the Honorable Christopher M. Brown[1], judge of the Franklin County Court of Common Pleas, and Mark Petrucci, magistrate of the Franklin County Court of Common Pleas to refrain from ruling on a number of motions filed in Franklin C.P. No. 13CV-5751, a replevin case. (Oct. 16, 2014 Prohibition Compl.; *see also* Nov. 3, 2014 Am. Prohibition Compl.) Dunn voluntarily dismissed all claims on June 13, 2013, before the defendants in the replevin action filed the motions she now seeks to prohibit the respondents from deciding. (Case No. 13CV-5751

---

[1] Judge Timothy S. Horton originally presided over the matter. Judge Christopher M. Brown took over Judge Horton's docket when Judge Horton took a seat on the Court of Appeals. See Civ.R. 25(D).

No. 14AP-819

June 13, 2013 Vol. Dismissal, Ex. 1 to Am. Compl.)  Some portions of these motions sought sanctions under R.C. 2737.15, 2323.51, and Civ.R. 11.  *See, e.g.*, case No. 13CV-5751 June 19, 2013 Mot. for Return of Property & Sanctions, Ex. 5 to Am. Compl.

{¶ 2}  Dunn's prohibition action before this Court was referred to a magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals.  (Oct. 24, 2014 Journal Entry.)  But the decision of the magistrate was delayed when a clerical mistake by this Court resulted in premature dismissal.  (Apr. 14, 2015 Dismissal.)  Thus only after the Supreme Court of Ohio reversed and remanded in 2016, did the magistrate issue a decision.  *See State ex rel. Dunn v. Franklin Cty. Court of Common Pleas*, 146 Ohio St.3d 101, 2016-Ohio-2915.  (App'x.)  The magistrate by the appended decision concluded that this Court should dismiss the complaint of prohibition.  (App'x at ¶ 31.)  No objections have been filed.[2]

{¶ 3}  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."  Civ.R. 53(D)(4)(c).  We have reviewed the magistrate's decision and agree that since a subsequent divorce decree involving Dunn apparently disposed of the same property sought in replevin and because Dunn had already voluntarily dismissed the replevin action at the time the motions were filed, there was nothing further for the trial court to decide in the replevin case except the collateral issues relating to sanctions.  *Lantz v. Ross*, 10th Dist. No. 97APE03-372, 1997 WL 723224, 1997 Ohio App. LEXIS 5213, *10 ("Trial courts retain jurisdiction to resolve collateral matters such as a motion for sanctions pursuant to Civ.R. 11 or R.C. 2323.51, despite the voluntary dismissal of the underlying action."); *accord Gitlin v. Plain Dealer Publishing Co.*, 161 Ohio App.3d 660, 2005-Ohio-3024, ¶ 14 (8th Dist.).

{¶ 4}  Based on an independent review of the record and finding no errors of law or other defect on the face of the magistrate's decision, this Court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.

---

[2] Despite not filing objections, Dunn's counsel filed an affidavit on February 9, 2017 seeking to disqualify every judge on the Tenth District Court of Appeals from considering whether to adopt the magistrate's decision. (Feb. 9, 2017 Aff. of Disqualification.)  The Supreme Court denied relief on March 10, 2017.  (Mar. 10, 2017 Ohio Supreme Ct. Jgmt. Entry, filed in this case on Mar. 14, 2017.)  Dunn's counsel filed a second affidavit of disqualification against two of the judges on this panel on June 9, 2017.  (June 9, 2017 Aff. of Disqualification.) The Supreme Court declined to disqualify the panel members on June 30, 2017. (June 30, 2017 Ohio Supreme Ct. Jgmt. Entry, filed in this case on July 6, 2017.)

No. 14AP-819

In accordance with the magistrate's decision, we dismiss the action and decline to issue a writ of prohibition.

*Respondents' motion to dismiss granted;*
*complaint for writ of prohibition dismissed.*

**TYACK, P.J., and SADLER, J., concur.**

_____

No. 14AP-819

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel. Catherine P. Dunn,       :
(f.k.a. Catherine P. McAdams) et al.,

                                           :

        Relators,                          :

v.                                         :                    No.  14AP-819

The Court of Common Pleas et al.,          :            (REGULAR CALENDAR)

                                           :
        Respondents.

                                           :

                                           :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 20, 2017

*M. David Burton,* for relator.

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondents.

IN PROHIBITION
ON RESPONDENTS' MOTION TO DISMISS

{¶ 5}  Relator, Catherine P. Dunn, has filed this original action requesting that this court issue a writ of prohibition ordering respondent, the Honorable Christopher M. Brown[3], judge of the Franklin County Court of Common Pleas, and Mark Petrucci, magistrate of the Franklin County Court of Common Pleas, to refrain from holding any

---

[3] Judge Timothy S. Horton originally presided over the matter.  Judge Christopher M. Brown took over Judge Horton's docket when Judge Horton took a seat on the Court of Appeals.  See Civ.R. 25(D).

No. 14AP-819

hearings with regard to five motions filed by the defendants in the underlying civil action in Franklin C.P. No. 13CV-5751.

Findings of Fact:

{¶ 6} 1. Relator, formally known as Catherine McAdams, was married to Garrett L. McAdams ("McAdams").

{¶ 7} 2. Both relator and McAdams served over seas in the military while McAdams' parents cared for their three children in the family home.

{¶ 8} 3. On March 14, 2013, McAdams filed for divorce from relator in the Franklin County Court of Common Pleas, Division of Domestic Relations under Franklin C.P. No. 13DR-932.

{¶ 9} 4. Before McAdams was able to serve relator with a copy of his divorce complaint, relator filed a complaint for replevin in the Franklin County Court of Common Pleas on May 24, 2013 in Franklin C.P. No. 13CV-5751. That replevin action was filed against McAdams' parents asserting that they were refusing to return to relator certain identified personal property.

{¶ 10} 5. On May 29, 2013, the trial court granted the motion for replevin exparte and without notice and hearing.

{¶ 11} 6. On June 13, 2013, relator voluntarily dismissed the replevin action without prejudice.

{¶ 12} 7. On June 14 and 19, 2013, McAdams' parents filed several motions in the replevin action specifically asking that the exparte order be set aside and that they be granted a hearing. Further, they filed a motion for damages and sanctions pursuant to R.C. 2737.15 and 2323.51 and Civ.R. 11.

{¶ 13} 8. In the meantime, McAdams was able to serve relator with a copy of his divorce complaint.

{¶ 14} 9. On December 20, 2013, McAdams and relator signed a separation agreement which disposed of all the personal property including that property which had been the subject of relator's replevin action.

{¶ 15} 10. Also on December 20, 2013, an agreed entry of judgment-decree of divorce was filed.

No. 14AP-819

{¶ 16} 11.  On July 2, 2014, Judge Horton referred the motions filed by McAdams' parents in the replevin action for hearing before magistrate Petrucci.

{¶ 17} 12.  On October 16, 2014, relator filed a prohibition action in this court asking this court to order respondents magistrate Petrucci and Judge Horton to refrain from considering the motions filed by McAdams' parents in the replevin action.

{¶ 18} 13.  On November 17, 2014, respondents filed a motion to dismiss relator's prohibition action and, on November 28, 2014, relator filed a memorandum in opposition.

{¶ 19} 14.  On April 14, 2015, this court issued a journal entry dismissing the action concluding as follows:

> The Court, being fully informed of the nature of the underlying proceedings both in the Civil and Domestic Relations Divisions of the Common Pleas Court of Franklin County, Ohio, finds this *procedendo* action is moot and hereby dismisses the action.  Costs shall be assessed equally between the parties.

(Emphasis added.)

{¶ 20} 15.  Relator appealed and, on May 12, 2016, the Supreme Court of Ohio issued its decision in *State ex rel. Dunn v. Franklin Cty. Court of Common Pleas,* 146 Ohio St.3d 101, 2016-Ohio-2915, returning the case to this court for further proceedings, noting:

> Nothing in any of the pleadings below indicates that Dunn's complaint was intended to be a request for a writ of procedendo rather than one for a writ of prohibition. The court of appeals never indicated an intent to convert the case to one in procedendo rather than one in prohibition, nor did it explain its action in dismissing the case.
>
> Thus, the court of appeals erred, most likely because of a typographical error or other clerical mistake. We therefore remand with instructions that the court of appeals consider the arguments of the parties and conduct an analysis to determine whether a writ of prohibition should be issued.

*Id.* at ¶ 5-6.

{¶ 21} 16.  In a journal entry filed August 31, 2016, this magistrate was appointed.

{¶ 22} 17. Respondents' November 17, 2014 motion to dismiss and relator's response thereto are currently before the magistrate.

No. 14AP-819

Conclusions of Law:

{¶ 23} For the reasons that follow, it is this magistrate's decision that this court should grant respondents' motion to dismiss this prohibition action.

{¶ 24} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70 (1998). A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543 (2000).

{¶ 25} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 26} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of prohibition is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondents' motion should be granted and relator's complaint should be dismissed.

{¶ 27} In their motion to dismiss, respondents ask this court to grant in part and deny in part relator's motion for prohibition. Specifically, respondents assert that to the extent that McAdams' parents filed a motion for damages and sanctions pursuant to R.C.

No. 14AP-819

2323.51, the court of common pleas retains jurisdiction despite the fact that relator dismissed the case, and can proceed with a hearing.

{¶ 28} R.C. 2323.51 pertains to frivolous conduct in civil actions and grants trial courts the authority to award court costs, attorney fees, and other reasonable expenses incurred in connection with a civil action provided that frivolous conduct is demonstrated. Specifically, R.C. 2323.51(B) provides:

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.

{¶ 29} One of the five motions filed by McAdams' parents on June 14 and 19, 2013 specifically asked the court to determine the filing of the complaint for replevin constituted frivolous conduct pursuant to R.C. 2323.51(A) to (a) and asked the court to award McAdams' parents attorney fees and costs associated with defending the action, as well as any other relief the court may deem appropriate.

{¶ 30} As indicated in the findings of fact, relator voluntarily dismissed the replevin action on June 13, 2013 and McAdams' parents filed their motions days later on June 14 and 19, 2013, well within the 30-day time limit found in R.C. 2323.51. As such, it is clear that the trial court retains jurisdiction to consider McAdams' parents' motion for damages and sanctions. However, the other four motions McAdams' parents filed were effectively rendered moot when relator and McAdams were divorced, as the property which was the subject matter of the replevin action, was disposed of by the divorce decree.

{¶ 31} Finding that respondents have correctly argued that the trial court does retain jurisdiction over the motion for damages and sanctions pursuant to R.C. 2323.51, relator is not entitled to a writ of prohibition in that regard. To the extent the remainder of the motions which have been filed have been rendered moot by the filing of the divorce decree, the trial court does not retain jurisdiction over those motions. As such, this court

No. 14AP-819

should grant respondents' motions and dismiss relator's complaint as indicated in this decision.

/S/ MAGISTRATE
STEPHANIE BISCA

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).